PETER J. MARTIN and BARBARA MARTIN, Appellants,

*vs.*

ORVILLE W. BARNES, Respondent.

### APPEAL FROM RACINE CIRCUIT COURT.

In an action for assault and battery, it is competent to prove a bargain between the plaintiff and her medical witness, that she should pretend to be sick, and that the suit should be prosecuted for the benefit of both; and it is not necessary first, to examine the witness as to such agreement.

This was an action for assault and battery, alleged to have been committed by the defendant upon Barbara, the wife of Peter J. Martin. The cause was tried at the October term, 1858, of the Racine circuit, and a verdict rendered for the plaintiff. The defendant afterwards, on a case made and affidavits moved for a new trial, on the merits, and also for surprise, and newly discovered evidence. On hearing the court set aside the verdict and granted a new trial from which order the plaintiffs appealed.

Only so much of the case as relates to the judgment of the court is given.

On the trial, the plaintiffs proved the assault and battery as alleged, and the defendant attempted to justify.

After proof of the assault and battery had been introduced, the plaintiffs called Wm. Froemach, who testified as follows: "I reside in this city; I am a practicing physician, and was so last July; I know the plaintiffs; I was called to attend Barbara, one of the plaintiffs, and attended her at half past nine o'clock in the afternoon of July 13th, 1857, and found her in bed and examined her; she appeared to be in pain in her right side; she could not lie down long at a time; the pain

appeared to be in her arm, back and shoulders; I found upon examination on her right side, one rib cracked and another nearly broke and another split; it was black and blue on her back, side and shoulders; I put the ribs straight and fixed all of them, and put bandages about her. At about eleven o'clock that same night, I was called and went to see her again, and found her in much pain; I then made some liniment to rub on her to ease the pain; they all appeared to be new injuries; I saw her again about three o'clock in the morning; I was sent for at that time on account of her raising so much blood; she was raising blood badly; I attended her till the thirtieth day of August; these injuries caused her illness; I did not, in my opinion, attend her any longer than it was necessary; I saw her after that; she was fourteen days pretty bad: spit blood thirteen or fourteen days; when she sat up she appeared to be easier than when lying down.

On his cross-examination he testified, I have been here one year; I came from Boston; I have a diploma; it was burnt in Boston; I attended Barbara all the time; Doctor Schnieder attended her fourteen days to three weeks during the time; he did not commence attending her until some three or four weeks after I first attended her; he examined her; I made my charge against the plaintiff, Peter Martin; I did not advise the plaintiffs to bring this action, nor did I say to Mrs. Keene, if she would help me get my charge of $85 out of the defendant, Barnes, I would give her $20; I had no conversation with her on that subject; I have lived in Buffalo, N. Y.

The defendant after having introduced testimony tending to prove his justification and to rebut the evidence of the plaintiff, called

John Schneider, who testified as follows: "I am a resident of this city, and have been for over ten years last past; and am a practising physician and surgeon, and have been for over twenty years last past; I am acquainted with the plain-

tiffs, and have been their family physician sometimes; I was called to see Barbara, and visited her professionably from the sixth to the twenty-sixth day of August last; I examined her fully; I could find no broken, cracked or split ribs or bones upon her; I examined her ribs a number of times; I know Froemach; he visited her during the same time; I gave her linament; she complained of pain on both sides of her breast; spit blood some; she tried the linament and complained that she was costive, and I gave her a cathartic and some plasters to put on her body; they were strengthening plasters; she had been bled; did not seem to breathe well; once in a while she would feel as if she wanted to vomit; I did not discover that she was otherwise diseased; I know the defendant; I was on his side of the river on the 13th day of July last, and saw a cow tied up in the yard; saw him and Barbara there; heard loud talk between them, and saw her fall.

On his cross examination he testified: I could not see how she fell; I was at that time this side of the river; the defendant was near her at the time; I examined her to find her injuries; when I was called the woman was really sick; it was no make believe; she was in great pain, and raised large quantities of blood; a bruise or fall would be likely to cause raising of blood; I could tell whether she had any ribs broken or not; she had none broken; a rib never splits.

On his re-examination, he testified: Barbara had neither broken or fractured ribs, and here the defendants offered to prove that a bargain had been made between Doct. Froemach and Barbara that she should pretend to be injured and sick in consequence of the fall, and that this suit should be prosecuted for the benefit of both of them, to which the counsel for the plaintiff objected, and the court sustained the objection, and excluded the evidence, and the counsel for the defendant excepted."

There were other points made in the case and argued at

bar, but the foregoing is all of the case which relates to the judgment of the court and all that is necessary to be stated.

*J. W. Carey*, for Appellants.

*Judd & Ryan*, for Respondent.

*By the Court*, Smith, J. This was an action commenced by the appellants, Martin and wife, in the Racine circuit court, against the defendant to recover damages for an assault and battery committed by the defendant upon the wife of the complainant, Peter J. Martin. The cause was tried at the October term of the Racine circuit where the plaintiffs obtained a verdict. Upon a case made, and affidavits presented, the defendant moved for a new trial before the circuit court at the April Term, 1858; on the merits of the case as made, and also on the ground of newly discovered evidence, and surprise. Upon the hearing of this motion the court below made an order, setting aside the verdict, and granting a new trial with costs to abide the event of the suit. From this order the plaintiffs appealed to this court.

The code of procedure has inaugurated a new practice in allowing an appeal from an order of a circuit judge granting a new trial on the application of the defendant. But although it is novel, we are not prepared to say that it is altogether deserving of condemnation. However that may be, it is nevertheless novel, and the questions which it presents must be considered in reference to the provisions of the statute which allows it.

The only matter which we feel called upon to notice, is the alleged error of the judge, on the trial below, in rejecting the offer made by the defendant to prove, that a bargain had been made between Barbara, one of the plaintiffs, and the

witness Froemach, that she should pretend to be sick in consequence of the fall, and that this suit should be prosecuted for the benefit of both of them.

We are of the opinion the evidence offered was competent. It went to the credibility of the witness, and respected conduct of his, which did not require to be called to his attention, like conversations he may have had, respecting the subject matter of his testimony. Besides it tended to show a corrupt combination, not to say conspiracy between the witness and defendant to injure the latter. *Kellogg vs. Nelson*, 5 Wisc. Rep., and authorities there cited.

It is contended by the appellant that though the court erred in rejecting the evidence, the error was immaterial, inasmuch as the witness of the defendant testified to the reality, and severity of the sickness of the plaintiff. This is true, but we cannot tell, what degree of weight the jury might have given to the testimony of the witness Froemach or Schneider, and as it was an error which might have effected the verdict, injuriously to the defendant, we think the judge did right in setting the verdict aside and awarding a new trial.

There is nothing else in the case worthy of comment. Let the order granting a new trial be affirmed with costs, and the cause be remanded for further proceedings according to law.