William Schultz, by Guardian, etc., Respondent, *v.* The Third Avenue Railroad Company, Appellant.

Plaintiff's complaint contained three counts; the first alleged in substance that on October 30, 1877, he got upon the rear platform of one of defendant's cars, as a passenger; that the conductor, without asking him for his fare or giving him an opportunity to pay it, violently threw him off from the car in front of a car passing upon an adjoining track, and he was run over and injured "to his damage $10,000." The other two counts relate to the same accident, alleging that it occurred through defendant's negligence, each closing "to his damage $10,000." In the prayer for relief plaintiff asked damage "to the amount of $20,000." Upon the trial the court ruled in substance that plaintiff could only recover under the first count; he obtained a verdict for $15,000. Defendant claimed that as said count only alleged $10,000 damages, the verdict was unauthorized. *Held* untenable; that the general prayer for damages at the close of the complaint controlled; but that if, in order to sustain the recovery, the first count should have alleged $15,000 damages, the defect was one that could be amended on appeal. (Code of Civil Procedure, § 722.)

Also *held*, that defendant was liable for the act of the conductor in throwing plaintiff from the car.

The evidence was conflicting as to the circumstances of the accident, plaintiff and two witnesses testifying that he was pushed or thrown from the car by the conductor, the latter and another witness for defendant that this was not so, but that plaintiff jumped from the car. R., one of plaintiff's witnesses, a car-driver who had been discharged by defendant, was asked on cross-examination, in substance, if he did not have a conversation with

P., another car-driver, in which he sought to induce P. to testify falsely that his brakes were out of order so as to fix the company with liability in another case ; this R. denied.    P. was called as a witness for the defendant, and the offer was made to prove by him such a conversation ; this was objected to and excluded.    *Held* error.

It is competent for a party against whom a witness has been called to prove acts or declarations of his, showing feelings of hostility or malice on his part toward such party.  If upon cross-examination he denies such facts, they may be proved by other witnesses, as the inquiry into his state of feeling toward the party is not collateral.

*It seems*, however, that the evidence to show hostile feelings of a witness should be direct and positive and not very remote.

*Schultz* v. *Third Ave. R. R. Co.* (14 J. & S. 211), reversed.

(Argued April 24, 1882 ; decided May 30, 1882.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made May 12, 1880, which affirmed a judgment in favor of plaintiff, entered upon a verdict.  (Reported below, 14 J. & S. 211.)

The nature of the action and the material facts are stated in the opinion.

*Samuel Hand* for appellant.    The court erred in excluding defendant's offer to prove by Plass, another car-driver, that plaintiff's witness Reilly had a conversation with him in which Reilly asked him to testify falsely in another case that his brakes were out of order, so as to make defendant liable, the evidence offered being material, relevant and not collateral. (*Starks* v. *The People*, 5 Den. 106 ; *Newton* v. *Harris*, 6 N. Y. 346 ; *Long* v. *Lamb*, 9 Cush. 365 ; *Drew* v. *Wood*, 26 N. H. 363 ; *Yerwin Case*, 6 Camp. 639 ; *Starr* v. *Cragin*, 24 Hun, 178 ; *Gale* v. *N. Y. Cent. & H. R. R. R. Co.*, 76 N. Y. 594, 595 ; *Hutchinson* v. *Wheeler*, 35 Vt. 340 ; *Collins* v. *Stephenson*, 8 Gray, 441 ; *Atwood* v. *Welton*, 7 Conn. 71 ; *Hotchkiss* v. *Germania Fire Ins. Co.*, 5 Hun, 91 ; *Moore* v. *The People*, 53 N. Y. 639.)    The court erred in denying the motion to dismiss the complaint on the ground that, from the evidence, the act which produced the injury complained of is shown to be a willful, reckless and malicious act by a servant of the defendant, beyond any authority, express or implied,

conferred upon him by the defendant, and also upon the ground that, conceding the car to have been out of order, or the brake defective, that as a cause of injury or action it is too remote to maintain the suit. (*Rounds* v. *D., L. & W. R. R. Co.*, 64 N. Y. 129; *Bayley* v. *The Manchester & L. Railway Co.*, 8 Law. Reporter, 1872–73; *E. Co. R'way Co.* v. *Broom*, 2 Exch. 326; *Higgins* v. *Watervliet R. Co.*, 46 N. Y. 23; *Jackson* v. *Second Ave. R. R.*, 47 id. 274; *Cohen* v. *D. D. B. E. & B. R. R. Co.*, 69 id. 176; *Sanford* v. *Eighth Ave. R. R. Co.*, 23 id. 347; *Shea* v. *Sixth Ave. R. R. Co.*, 62 id. 185; *Isaacs* v. *Third Ave. R. R. Co.*, 47 id. 129; *Wright* v. *Wilcox*, 19 Wend. 346; *Vanderbilt* v. *The Richmond Turnpike Co.*, 2 Comst. 482; *Mali* v. *Lord*, 39 N. Y. 385; *Fraser* v. *Freeman*, 43 id. 566; *McManus* v. *Crickett*, 1 East, 107; *Cox et al.* v. *Kealey*, 34 Ala. 344; *Little M. Co.* v. *Wetmore*, 9 Am. Law Reg. 621; *Eastern R. R. Co.* v. *Broom*, 6 Exch. 326; *Roe* v. *The Bierkenhead L. & C. J. Railway Co.*, 7 Eng. Law and Equity, 547; *Bayley* v. *The Manchester & L. Railway Co.*, 8 L. R. 1872–3; Story on Agency, § 456 [6th ed.]; Kent's Com. 259, citing *McManus* v. *Crickett, supra*, and *Parker* v. *The Essex Bank*, 17 Mass. 508, 510; Inst. Lib. 4, tit. 5, § 1; 1 Dig. Lib. 9, tit. 3; Pothier Pand. Lib. 4, tit. 9, u. 1, 2, 8; 1 Domat, B. 1, tit. 16, § 1; Lord Staire's Inst. B. 1, tit. 3, § 3; 1 Black. Com. 432.) The verdict of $15,000 was erroneous, as plaintiff could not under his complaint recover more than $10,000. (Sedgwick on The Measure of Damages [5th ed.], 1869, 685, 686; *McIntire* v. *Clark et al.*, 7 Wend. 330; *Bowman* v. *Earle*, 3 Duer, 695; *Corning* v. *Corning*, 2 Seld. 99; *Custer* v. *Lawrence*, 17 Johns. 111; *Dey* v. *Dey*, 3 Wend. 356; *Moffet* v. *Sackett*, 18 N. Y. 422; *Casson* v. *Delany*, 38 id. 180; *Dunslow* v. *Hooke*, 3 Wilson, 185; *Livingston* v. *Rogers*, 1 Comst. 587; *Peak* v. *Oldham*, Cowp. 276; *Robers* v. *Leslie*, 9 N. Y. Week. Dig. 405.)

*Nathaniel C. Moak* for respondent. The motions to dismiss the complaint on the ground that the evidence showed

that the act which produced the injury complained of was the willful, reckless and malicious act of the servant of the defendant beyond any authority conferred upon him by the defendant were properly denied. (*Jackson* v. *Second Ave. R. R. Co.*, 47 N. Y. 275; *Rounds* v. *Del. Co. R. R.*, 64 id. 137; *Day* v. *Brooklyn*, 12 Hun, 435; affirmed, 76 N. Y. 593; *Ochsenbein* v. *Shapley*, 12 N. Y. Weekly Dig. 316; Ct. App., 85 N. Y. 219–223.) As in performing what appeared to be his duty to his employers, the conductor ejected the plaintiff from the car; whether it was a mistake of judgment on the part of the conductor or not, the defendant is liable for the manner in which he acted, and for the consequences of his acts. (*Hoffman* v. *N. Y. C. R. R.*, 13 Weekly Dig. 313; *Higgins* v. *Watervliet Turnpike Co.*, 46 N. Y. 26; *Jackson* v. *Second Ave. R. R. Co.*, 47 id. 276; *Hamilton* v. *Third Ave. R. R. Co.*, 53 id. 25; *Shea* v. *Sixth Ave. R. R. Co.*, 62 id. 183; *Round* v. *Delaware R. R. Co.*, 54 id. 136; *Cohen* v. *Dry Dock R. R. Co.*, 69 id. 174; *Peck* v. *N. Y. C. R. R. Co.*, 70 id. 591; *Mott* v. *Consumers' Ice Co.*, 73 id. 543; *Day* v. *Brooklyn*, 12 Hun, 435; affirmed, 76 N. Y. 593; *Ochsenbein* v. *Shapley*, 12 N. Y. Weekly Dig. 316; Ct. App., 85 N. Y. 214.) The damages were not excessive. The plaintiff was entitled to the verdict rendered under his complaint. (Code, § 481.) Defendant's offer to show that Reilly had endeavored to induce Plass to make a false statement as to the condition of another car on the occasion of another accident was properly excluded. (*Gale* v. *Central R. R.*, 76 N. Y. 594; *Higham* v. *Ganet*, 15 Hun, 383.)

EARL, J. This action was brought to recover damages for injuries received by the plaintiff by being knocked down and run over by one of defendant's cars on the Third avenue in the city of New York. Plaintiff recovered a verdict of $15,000. The judgment entered upon that verdict was affirmed at General Term and then the defendant appealed to this court.

The learned counsel for the appellant presents for our consideration three grounds, upon which he asks to have the judgment reversed, and I will briefly notice each ground separately.

*First.* Plaintiff's cause of action is alleged in the complaint in° three different counts. In the first count he alleges that on the 30th day of October, 1877, he got upon the rear platform of one of defendant's cars as a passenger, for the purpose of riding down the avenue to his home; and that the conductor of the car came to him and, without asking for his fare, or giving him opportunity to pay it, violently pushed and threw him off the platform on to an adjoining railway track immediately in front of the horses attached to a car coming up the avenue; and that he was knocked down, run over and severely injured, " to his damage $10,000."

In the second count the plaintiff alleges that on the same day he was accidentally upon the railway track, and that before he could escape therefrom he was knocked down by the horses attached to one of defendant's cars and run over and injured, because there was a defective brake upon the car, in consequence of which it could not be stopped in time to save him from injury, and the count closes "to his damage $10,000."

In the third count he alleges that, on the same day, he was run over and severely injured upon defendant's railway track in consequence of the carelessness and unskillfulness of the driver of one of defendant's cars, "to his damage $10,000."

The complaint concludes with a prayer for judgment for plaintiff's damages "in the premises to the amount of $20,000."

Upon the trial in his charge to the jury, the trial judge ruled that the plaintiff could recover only by satisfying the jury that he was pushed or thrown from the car by the conductor and thus injured as alleged in the first count of the complaint, and it must be assumed that the verdict was based upon that theory. The claim of the learned counsel for the defendant is, that as the first count alleges damages for but $10,000, and the recovery was had under that count, the verdict for $15,000 was unauthorized. But we think that the general prayer for damages at the conclusion of the complaint must control in this case. It is clear, on the face of the complaint, that all the counts have reference to the same accident, and the same injury, and that the different counts really allege the same cause of action in different forms.

The action was commenced to recover on account of the one injury caused by defendant at the time and place named in the complaint, and in such a case the allegation, at the end of each count, of the damage which the plaintiff sustained, may be disregarded, the general prayer for judgment being sufficient to authorize and uphold the verdict.

Besides, if the complaint should have alleged in the first count damages to the amount of $15,000, in order to sustain the verdict rendered, the defect in the complaint is one of the kind which may be amended. It did not affect the trial in any way or mislead or prejudice the defendant. The variance between the complaint and the verdict is such as "the right and justice" of the matter require should be disregarded or amended, and ample authority is given for this in section 722 of the Code of Civil Procedure, which provides that "each of the omissions, imperfections, defects and variances, specified in the last section, and any other of like nature, not being against the right and justice of the matter and not altering the issue between the parties, or the trial, must when necessary be supplied and the proceeding amended by the court wherein the judgment is rendered or by an appellate court." This ground of error, therefore, does not furnish sufficient reason for reversing or modifying the judgment.

*Second.* It is also contended that the alleged act of the conductor, in pushing and throwing the plaintiff from the car, was so willful, reckless and malicious that the defendant is not responsible for it. That the defendant is responsible for it is abundantly shown by recent cases in this court. (*Jackson* v. *Second Avenue R. R. Co.*, 47 N. Y. 275; 7 Am. Rep. 448; *Rounds* v. *Del., Lack. & West. R. R. Co.*, 64 N. Y. 137; 21 Am. Rep. 597; *Day* v. *Brooklyn City R. R. Co.*, 12 Hun, 435; affirmed in 76 N. Y. 593; *Hoffman* v. *N. Y. C. & H. R. R. R. Co.*, in this court, not reported, 87 N. Y. 25.)

*Third.* But there remains a more serious allegation of error to be considered. Upon the trial there was great conflict in the evidence bearing upon the accident. The plaintiff and two witnesses, Reilly and Morton, two discharged car-drivers for-

merly in the service of the defendant, testified that the con-
ductor of the car upon which the plaintiff attempted to ride
pushed or threw him off directly in front of the horses attached
to a car going up the avenue, and that he was injured in that
way. The conductor and another witness testified that the boy
was not pushed or thrown off, but that he jumped off from the
car and ran in front of the horses and was thus injured with-
out any fault or misconduct of the conductor, and there was
other evidence and circumstances bearing upon the credibility
of the testimony given by the plaintiff and his witnesses.
Reilly, upon cross-examination by defendant's counsel, was
asked if he recollected a conversation with one Plass, a driver
of one of defendant's cars, and approaching him to get him to
say his brakes were out of order, in order to fix the company
with liability. He denied ever at any time or place having
any such conversation with Plass, and testified that he knew
he had no conversation with him to get him to so testify.
Afterward Plass was called as a witness on the part of the de-
fendant, and testified that he recollected Reilly's approaching
him and having a conversation with him in reference to the
brakes of his car, and he was then asked what that conversation
was, which was objected to by plaintiff's counsel. Defendant's
counsel then offered to prove that upon another occasion, not
distant from the present accident, Reilly endeavored to pro-
cure the witness to make a false statement in regard to the con-
dition of a car on this road, for the proposed purpose of fixing
the liability upon the company, he having been discharged from
the employment of the company, to show malice and ill-feeling
on the part of Reilly. The evidence thus offered was objected
to by plaintiff's counsel as immaterial, irrelevant and collateral,
and the objection was sustained and the evidence excluded. In
this ruling the counsel for the appellant claims there was error
and we are of that opinion. The credibility of Reilly as a
witness was one of the questions to be determined by the jury.
It is always competent to show that a witness produced upon
the trial of an action is hostile in his feelings toward the party
against whom he is called to testify or that he entertains

malice toward that party, and so it has been held in many cases. (*Starks* v. *The People*, 5 Den. 106; *Newton* v. *Harris*, 6 N. Y. 345; *Hotchkiss* v. *Germania Fire Ins. Co.*, 5 Hun, 91; *Starr* v. *Cragin*, 24 id. 178; *Long* v. *Lamkin*, 9 Cush. 365; *Collins* v. *Stephenson*, 8 Gray, 441; *Drew* v. *Wood*, 26 N. H. 363; *Hutchinson* v. *Wheeler*, 35 Vt. 340; *Atwood* v. *Welton*, 7 Conn. 71; *Gale* v. *N. Y. C. & H. R. R. R. Co.*, 76 N. Y. 595.) In *Starks* v. *The People*, Starks was indicted in the General Sessions of Oswego county for burning the barn of Perkins, and upon the trial Perkins was sworn as a witness for the prosecution. On his cross-examination he was asked whether he did not, during the then last winter or spring, when speaking to one Dunton and referring to a certain black ash swamp, say "there would be a good place to kill Starks," and he answered that he had not so stated. Dunton was afterward called on the part of the prisoner, who offered to prove by him that during the then last winter or spring, before the burning of the barn, Perkins speaking to him of the black ash swamp, did say it would be a good place to kill Starks. The district attorney objected to the evidence so offered as irrelevant, and because the declaration offered to be proved was made prior to the burning of the barn, and the court sustained the objection and excluded the evidence. The prisoner was convicted. The Supreme Court reversed the conviction and granted a new trial, holding that the evidence was competent and should have been received to show hostility or malice on the part of the witness toward the prisoner. In *Newton* v. *Harris*, it was held, as stated in the head-note, that upon "cross-examination a witness may be questioned as to statements made by him indicating feelings of hostility to the party against whom he is called, and if he denies making such statements, they may be proved by other witnesses." In *Gale* v. *N. Y. C. & H. R. R. R. Co.* (76 N. Y. 594), it is said that "it is not disputed that it is competent to show that a witness who has testified against a party is hostile to such party, and this may be shown by the witness himself or other competent evidence in contradiction of him." In 1 Greenleaf's Evidence (§ 450, Redfield's ed.)

it is said: " It has been held not irrelevant to the guilt or innocence of one charged with a crime, to inquire of the witness for the prosecution, on cross-examination, whether he has not expressed feelings of hostility toward the prisoner. The like inquiry may be made in a civil action, and if the witness denies the fact, he may be contradicted by other witnesses." Inquiry into the state of the feelings of a witness toward either party is not collateral, and may always be made. The evidence to show the hostile feelings of a witness when it is alleged to exist should be direct and positive, and not very remote and uncertain, for the reason that the trial of the main issues in the case cannot be properly suspended to make out the case of hostile feeling by mere circumstantial evidence from which such hostility or malice may or may not be inferred. Here the proof offered was direct and positive. Reilly was a witness for the plaintiff to establish the liability of the defendant for an accident causing injury, and here was an offer to show that he had before endeavored to procure a witness to testify falsely in order to fasten a liability upon the defendant. If the offer had been to show that he had endeavored to suborn a witness to testify falsely against the defendant in this action, no one can doubt that the evidence would have been competent for the purpose of showing hostility and ill-will toward the defendant. And the fact that he endeavored to procure a witness to swear falsely against the defendant in some other case is just as competent and substantially as potent to show the same hostility.

We think the evidence should have been received, and for the error in rejecting it the judgment should be reversed, and a new trial granted, costs to abide the event.

All concur, except Tracy, J., absent.

Judgment reversed.