JOHN McCALLAN, JR., AN INFANT, ETC., RESPONDENT, *v.* THE BROOKLYN CITY RAILROAD COMPANY, APPELLANT.

*Cross-examination of a witness — the party conducting it is bound by his answers as to collateral matters, not tending to show hostility, nor inconsistent with statements made on his direct examination.*

During the trial of this action, brought to recover damages for personal injuries sustained by the plaintiff by reason of his being knocked down and run over by one of the defendant's cars, a witness was called by the defendant, who testified at length that he saw the accident and how it happened. Upon his cross-examination he was asked by the plaintiff, "Did you not say to this man (Johnson) the day after the accident, that you had seen the accident and that you were going to work a position out of it for yourself, and that the defendants were going to appoint you a conductor?" and, "Did you show a piece of paper to this man and say it was a check for five hundred dollars, payable after the trial?" The witness having denied that he made these statements, the plaintiff was allowed, against the defendant's objection and exception, to call Johnson and other witnesses to show that he had made them.

*Held,* that it was error to permit him to do so, as the questions put to the witness all involved collateral matters.

That it was not the case of an attempt to show that he had made statements incon-
sistent with his testimony upon his direct-examination, but was, in effect, an
insinuation that the defendant had bribed the witness to swear falsely and to
show that he had made false statements to several persons, not in relation to the
accident but in regard to his own private matters.

That the case did not fall within the rule which permits a party to show that a
witness is hostile to the party against whom he is called, or to show the relations
that exist between the witness and the party for whom he is called.

APPEAL from a judgment, entered at the Kings County Circuit
upon the verdict of a jury, for $12,500 in favor of the plaintiff,
and from an order denying a motion for a new trial made upon the
minutes.

*Morris & Pearsall*, for the appellant.

*Charles J. Patterson*, for the respondent.

PRATT, J. :

This is an appeal from a judgment entered upon a verdict and an
order denying a motion for a new trial.

The action was for personal injuries sustained by the plaintiff by
being knocked down and run over by one of defendants' cars. During
the trial a witness named McLarty was examined for the defendant
and testified at length that he saw the accident and how it happened.
On cross-examination he was asked by plaintiff's counsel : " Did you
not say to this man (Johnson) that day after the accident, that you
had seen the accident and that you were going to work a position
out of it for yourself ? " Also : " And that the defendants were
going to appoint you a conductor ? " Also : " Did you show a piece
of paper to this man and say it was a check for $500, payable after
the trial ? " Also : " Didn't you say to him he had better take you
right to McCallan ; that you had seen the accident and could be of
some good to him ? "

Johnson was then called and permitted, under objection, to testify
in contradiction of McLarty, in substance, that he did speak about
making a position out of the company ; that he held up a paper
and said : " This is a check for $500, payable after the trial, but I
can get it before if I want it," and that he stated he could be of use
to McCallan.

Another witness, Dwyer, was also permitted to testify, under objection, in contradiction of McLarty, in regard to his denial that he had said he was going to work a position out of it for himself. The plaintiff had a right to ask McLarty, on cross-examination, these questions, but having obtained the answers he was bound by them and was not at liberty to call witnesses in contradiction. These questions all involved collateral matters. It was not a case of an attempt to show that he had made statements inconsistent with his testimony upon his direct-examination, but was, in effect, an insinuation that the defendant had bribed the witness to swear falsely and to show that he had made false statements to several persons, not in relation to the accident, but in regard to his own private matters. It is not permitted to impeach a witness in this way. The defendant could not be called upon to try any issue except that made by the pleadings. The rule is well settled that if a party examines his adversary's witness on new or immaterial matter he is bound by his answers. (*People* v. *Cox*, 21 Hun, 47; affirmed, 83 N. Y., 610; *Stokes* v. *People*, 53 id., 175; *Sherman* v. *D. L. & W. R. Co.*, 11 N. Y. State Rep., 318.)

This testimony was highly prejudicial to the case of the defendant, and undoubtedly had a tendency to cause the jury to disregard entirely the testimony of McLarty, as it is evident, if his story had been believed, the verdict would have been for the defendant. The respondent attempts to justify this by invoking the doctrine that it is always competent to show that a witness is hostile to the party against whom he is called, also to show the relations that exist between the witness and the party for whom he is called. We do not think this case falls within that rule. Hostility or favor towards either party might be proved by the declarations of the witness, and if he denied making the declarations he might be contradicted, but there is a wide distinction between showing the relations of the witness to either party and proving his statements, made *in pais*, inconsistent with his testimony upon the stand. There was no evidence that the witness McLarty was unduly friendly to the defendant or inimical to the plaintiff, nor was there any evidence to justify submitting to the jury the question whether McLarty had attempted to peddle his testimony first to one side and then to the other. The case of *Height* v. *People* (50 N. Y., 392), cited by

respondent, simply holds that it is competent to show statements made by a witness inconsistent with his testimony. In *Newton* v. *Harris* (6 N. Y., 346) it was held competent to show hostile feelings of the witness.

The case of *Schultz* v. *Third Avenue Railroad* (89 N. Y., 242), was similar in principle to the one last cited, but it lays down the doctrine that evidence to show feeling and bias must be direct and positive and not very remote. None of the cases cited by respondent go to the length of sustaining his contention.

No answer can be made to the statement that plaintiff was allowed to impeach McLarty upon collateral matters. If it be true that McLarty did say he had seen the accident and that he intended to get a position ; that he recommended McCallan to employ Gru, and did go with the driver to the railroad office, and did say he had a check for $500, it does not follow that his story of the accident was untrue, and none of these statements were inconsistent with his testimony.

For error in admitting this evidence there must be a new trial.

BARNARD, P. J., and DYKMAN, J., concurred.

Judgment and order denying new trial reversed and new trial granted, costs to abide event.