SURDAM *v.* INGRAHAM *et al.*

(*Supreme Court, General Term, Fourth Department.* February, 1891.)

WITNESS—IMPEACHMENT—CONTRADICTORY STATEMENTS.

An affidavit made by a witness was offered in evidence for the purpose of impeaching the testimony of such witness. It appeared that the witness, on his direct examination, testified to nothing at variance with matters stated in the affidavit, but the statements alleged to be inconsistent therewith were elicited on cross-examination by the party offering the affidavit. The testimony given on cross-examination did not tend to contradict, discredit, vary, explain, or qualify the testimony given in chief. *Held,* that the affidavit was properly excluded.

Appeal from trial term.

Action by Clark Surdam against Wesley Ingraham and William Perkins. From a judgment for defendants, plaintiff appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*A. D. Wales,* for appellant.   *A. A. White,* for respondents.

PER CURIAM. The court properly excluded the evidence offered by the plaintiff as to the title and possession of the premises where the affray occurred, and the charge upon that subject was proper. No issue as to such title or possession was made by the pleadings or properly involved in the trial. It was not error to exclude the affidavit made by Wesley and William Ingraham. The only theory upon which it is claimed that it was admissible is that it tended to impeach the testimony of the witness William Ingraham. This witness, on his direct examination, testified to nothing which was at variance with the matters stated in the affidavit. He had not testified that the old man Surdam struck at his brother Wesley, nor that he did not. He had given no testimony upon the subject, either upon his direct or cross-examination, when he was dismissed from the witness stand. He was subsequently recalled by the plaintiff, and, upon plaintiff's examination, testified: "Old man Surdam didn't come for me, nor strike me at all. He did not strike at my brother Wesley at all, that I saw. I was hit with an axe." If we assume that the affidavit offered was inconsistent with this evidence, still, as the evidence elicited by the plaintiff on this last examination did not tend to contradict, discredit, vary, qualify, or explain the testimony given by the witness on his direct examination, it was new and independent matter drawn out by the plaintiff, and did not furnish a basis for the introduction of proof that the witness had made contradictory statements. *People* v. *Cox,* 21 Hun, 47, affirmed, 83 N. Y. 610; *Sherman* v. *Railroad Co.,* 106 N. Y. 542, 547, 13 N. E. Rep. 616; *McCallan* v. *Railroad Co.,* 1 N. Y. Supp. 289; *People* v. *Holfelder,* 5 N. Y. St. Rep. 488. As these are the only errors claimed, it follows that the judgment and order appealed from should be affirmed. Judgment and order affirmed, with costs.