## WALSH *v.* DOLAN.

*(City Court of New York, General Term.* June 19, 1891.)

**1. PLEADING—COMPLAINT—AVERMENT OF DAMAGE.**
    A complaint alleged in separate paragraphs (1) that defendant, at a certain time and place, assaulted plaintiff; (2) that at the same time and place defendant wrongfully imprisoned plaintiff; and (3) that "plaintiff has been damaged by reason of the premises in the sum of $2,000." *Held*, that the averment as to damages referred to both causes of action alleged, and it was error to charge that no recovery could be had under the first paragraph of the complaint.

**2. WITNESS—EXAMINATION TO TEST CREDIBILITY.**
    Where defendant, in an action for an assault and battery, alleged to have been committed while defendant was a police officer, testifies, on cross-examination, that since the alleged assault he and the police department had severed connection, it is error to exclude the question, "You were dismissed, were you not?"

Appeal from trial term.

Action by Joseph Walsh against Thomas F. Dolan. From a judgment entered on a verdict for defendant, and from an order denying a motion for a new trial, plaintiff appeals.

Argued before McGOWN and McCARTHY, JJ.

*Jacob Fromme,* for appellant.  *William H. Clarke,* for respondent.

McGOWN, J. This action was commenced by the plaintiff to recover damages for an assault and battery alleged to have been committed by the defendant, a police officer, upon the plaintiff, on the 5th day of May, 1889, and for

false imprisonment of the plaintiff alleged to have been made on the same day by defendant. The complaint alleges: "For a first cause of action: *First*, that on the 5th day of May, 1889, at Third avenue, near 59th street, in the city of New York, the defendant above named violently assaulted said plaintiff, and kicked said plaintiff in the back. For a second cause of action: *Second*. That on the 5th day of May, 1889, at said Third avenue and 59th street, the defendant ＊ ＊ ＊ imprisoned said plaintiff," etc. "*Third*. That said plaintiff has been damaged by reason of the premises in the sum of $2,000. Wherefore said plaintiff demands judgment against said defendant for the sum of $2,000, besides the costs of this action." The defendant in his answer—"*First*, denies the allegations in the complaint contained in and constituting said first cause of action," etc. Upon the trial the plaintiff was called as a witness on his own behalf, and testified as to the alleged assault, as charged in the first cause of action, and also as to the false imprisonment, etc. Peter Wendell and Edward J. White on the part of the plaintiff also testified as to the assault; while, on the part of the defendant, Isaac Wagner and Sarah Wagner testified that they were present, but did not see any assault, while Charles C. Lynch, although called on the part of the defendant, testified that he saw the defendant "pushing him [the plaintiff] with his hand along as far as the corner;" while the defendant on his own behalf testified that "I did not kick Mr. Walsh in the back; I did not strike him with my fist or club." No objection was made by the defendant's attorney to the admission of evidence as to the assault, as charged in the first cause of action. Upon the closing of the testimony, the court charged the jury as follows: "Gentlemen of the jury, evidence has been given during the trial of the assault alleged to have been committed by the defendant upon the person of the plaintiff. ·That evidence I must request you to eliminate from your minds, for, even should you find a verdict for the plaintiff upon the second cause of action, you cannot award him damages for an alleged assault, for the reason that the complaint is so drawn that the court could not permit any verdict to be rendered upon that cause of action. *Plaintiff's Counsel*. I except to that part of your honor's charge in which you say that plaintiff cannot recover for the first cause of action,—the assault and battery."

There were two issues of fact raised by the pleadings to be passed upon by the jury: *First*, whether the defendant assaulted the plaintiff; and, *second*, whether the defendant falsely imprisoned the plaintiff. The alleged assault took place on the 5th day of May, 1889, and was immediately followed by the alleged false imprisonment. The two occurrences having taken place at the same time, the alleged false imprisonment following immediately the assault, the complaint was properly drawn. The two causes of action were separately stated, as required by the Code, § 483, and the two causes of action were properly united in the complaint. Code, § 484. It was not necessary to allege specific damages for each cause of action. Plaintiff alleged in the third paragraph of his complaint that "he had been damaged by reason of the premises in the sum of $2,000." The "premises" referred to were the first and second causes of action. The plaintiff's claim, as stated in the complaint, was for damages for the assault and for the false imprisonment. Even if the complaint was defective, by the fact that the defendant answered and proof of the assault was admitted without objection, the plaintiff was entitled to judgment consistent with the case made out by the complaint, and embraced within the issues. *Murtha* v. *Curley*, 90 N. Y. 372; *Wells* v. *Association*, 120 N. Y. 630, 24 N. E. Rep. 276. In *Schultz* v. *Railroad Co.*, 89 N. Y. 242, the complaint set forth three counts or statements of action, all having reference to the same transaction, in which in each count specific damages was alleged. EARL, J., in his opinion, states: "But we think that the general prayer for damages at the conclusion of the complaint must control in this case. ＊ ＊ ＊ The action was commenced to recover

on account of the one injury caused by defendant at the time and place named in the complaint, and in such case the allegation, at the end of each count, of the damages which plaintiff sustained, may be disregarded, the general prayer for judgment being sufficient to authorize and uphold the verdict." It was the province of the jury to say from the evidence whether any assault had been committed. Had the evidence been submitted to the jury, they could have found the assault proven, and no sufficient evidence to prove the false imprisonment, in which case they could have rendered their verdict in favor of the plaintiff for damages for the assault alone, for any amount they saw fit within the amount claimed. The charge of the trial justice was a clear and direct direction to the jury to disregard all evidence of the assault, and not to render any verdict for the plaintiff for damages for the assault. With the evidence of the assault taken from the jury, the jury had little, if any, evidence upon which they could determine whether the imprisonment, if any, was false or not. We think that the plaintiff was entitled to have all the evidence go to the jury to pass upon the same, and to determine whether any assault or imprisonment had taken place, and, if so, what damages plaintiff had sustained, and the ruling of the trial justice in withholding such evidence from the jury was erroneous, and the exception to such ruling was well taken. The defendant, on cross-examination, testified that on the 27th day of September he and the police department severed connection, and was asked by plaintiff's counsel: "*Question.* You were dismissed, were you not? (Defendant's counsel objects. Objection sustained. Exception.)" This ruling was also erroneous. The defendant having offered himself as a witness in his own behalf, the question should have been allowed as competent to test his credibility. It is unnecessary to pass upon the other exceptions taken by the defendant's attorney upon the trial, and the judgment and order appealed from must be reversed, and a new trial granted, with costs to the appellant to abide the event.