- MARY WILLIAMS, Respondent, *v.* METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

*Witness — his interest may be shown to impeach but not to sustain his testimony.*

.·Although a witness, called by one party, may be shown by the other party to the action to have, with respect to him, a hostile interest, yet, in the absence of such proof, a party cannot fortify the credibility of his own witness by showing that the latter's interest was injuriously affected by the facts to which he testified.

APPEAL by the defendant, the Metropolitan Life Insurance Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Rensselaer on the 25th day of May, 1898, upon the verdict of a jury, and also from an order made at the Rensselaer Trial Term on the 20th day of May, 1898, denying the defendant's motion for a new trial made upon the minutes.

*John De Witt Peltz,* for the appellant.

*John W. Roddy,* for the respondent.

LANDON, J.:

Each policy of insurance held by the plaintiff provided that " if any premium on this policy shall be in arrears more than four weeks, this policy shall thereupon become void." The premiums were payable weekly. The defendant lapsed the policies and gave the plaintiff notice to that effect, alleging arrears in payment of premiums for more than four weeks. The plaintiff here seeks to recover damages for such lapsing of the policies, alleging that she had fully paid the premiums.

The issue was whether, when the defendant lapsed the policies, the payment of the premiums was four weeks in arrears, and the jury determined that issue in plaintiff's favor. The verdict of the jury is not without evidence in its support, and although we may think that the weight of the whole evidence is with the defendant, yet we are inclined to think that substantial justice has been done, and we, therefore, decline to set the verdict aside. (*Barrett* v. *Third Ave. R. R. Co.,* 45 N. Y. 628, 632.)

The defendant alleges error in the exclusion of evidence offered by defendant in support of the truthfulness of its agent and witness, Smith.   Plaintiff testified that on February 29, 1896, she paid Smith two dollars and twenty-two cents, the premiums due February 17, 1896, on all her policies.   She had other policies besides those in suit.   If true, the defendant did not rightfully lapse the policies. Smith swore the payment was not made, and the defendant then offered to prove by him that it was to his advantage to prevent the policies from lapsing.   We think the court did not err in overruling the offer.   No testimony had been given or offered tending to show that Smith's interest was in lapsing the policies.   You can attack your adversary's witness by showing that his interest is hostile to yours (*Schultz* v. *Third Ave. R. R. Co.*, 89 N. Y. 242); but in the absence of such an attack upon your own witness, you cannot of right fortify his credibility by showing that his interest was injured by the fact as he testifies to it.   When he is attacked by evidence of hostile interest or feelings, the attack may be repelled along the same lines upon which it is made, but if he is not so attacked, but is simply contradicted, you cannot support him by collateral facts tending to show his truthfulness.   The party calling a witness may of course show who he is, and his situation as to the parties and issues, and thus his means of knowledge, and can adduce circumstances relevant to the issues in his support, and it may be that these circumstances will show that his interest is adverse to his testimony; but in the absence of attack, to raise collateral issues in support of your own witness is to suspend the trial of the real issues, and is not permissible.

The plaintiff was permitted to testify that she had on previous occasions been permitted by defendant's agents to pay her premiums after they had been due more than four weeks.   The trial court, in submitting the case to the jury, in effect charged them that under the evidence she could not recover upon that ground, and, therefore, that the testimony was immaterial.   The case, in fact, turned upon the question of payment on February 29, 1896, within and not beyond the four weeks   We think the result would have been the same if the testimony had been excluded, and that the defendant was not prejudiced by it.

We think, however, that the amount of the verdict, $249.62,

should be reduced to the sum of $178.30, it appearing that the insurance forfeited could be obtained for that sum in another company equally reputable.

All concurred.

Judgment and order reversed and a new trial granted, costs to abide the event, unless the plaintiff stipulates within twenty days to reduce the verdict to $178.30, and, if the plaintiff so stipulates, then the judgment as so modified affirmed, without costs to either party.