## WILLIAMS v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Appellate Division, Third Department. November 22, 1898.)

1. APPEAL—REVIEW—VERDICT AGAINST WEIGHT OF EVIDENCE.
   A verdict will not be set aside if substantial justice has been done, though it be against the weight of evidence.

2. EVIDENCE—DECLARATIONS AGAINST INTEREST—ADMISSIBILITY.
   A party may not show that his own witness' testimony was against interest, in order to increase its credibility.

3. APPEAL—HARMLESS ERROR—ADMISSION OF EVIDENCE.
   In an action for lapsing life insurance policies, the admission of the insured's testimony that she had previously been allowed to pay premiums over four weeks due, in violation of a provision that a delinquency of four weeks should avoid the policy, was not prejudicial, where the jury was charged that such evidence was immaterial, and the case turned on whether the particular payment in question was timely made.

4. DAMAGES—LIFE INSURANCE POLICIES—MEASURE OF RECOVERY.
   A recovery for wrongfully lapsing a life insurance policy should not exceed the amount which similar insurance would cost in any equally reputable company.

Appeal from trial term, Rensselaer county.

Action by Mary Williams against the Metropolitan Life Insurance Company. There was a judgment for plaintiff, from which and an order denying a new trial defendant appeals. Reversed, with conditions.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

John De Wit Peltz, for appellant.
John W. Roddy, for respondent.

LANDON, J. Each policy of insurance held by the plaintiff provided that, "if any premium on this policy shall be in arrears more than four weeks, this policy shall thereupon become void." The premiums were payable weekly. The defendant lapsed the policies, and gave the plaintiff notice to that effect, alleging arrears in payment of premiums for more than four weeks. The plaintiff here seeks to recover damages for such lapsing of the policies, alleging that she had fully paid the premiums. The issue was whether, when the defendant lapsed the policies, the payment of the premiums was four weeks in arrears, and the jury determined that issue in plaintiff's favor. The verdict of the jury is not without evidence in its support, and, although we may think that the weight of the whole evidence is with the defendant, yet we are inclined to think that substantial justice has been done, and we therefore decline to set the verdict aside. Barrett v. Railroad Co., 45 N. Y. 628, 632.

The defendant alleges error in the exclusion of evidence offered by defendant in support of the truthfulness of its agent and witness, Smith. Plaintiff testified that on February 29, 1896, she paid Smith $2.22, the premiums due February 17, 1896, on all her policies. She had other policies besides those in suit. If true, the defendant did not rightfully lapse the policies. Smith swore the payment was not made, and the defendant then offered to prove by him that it was to his advantage to prevent the policies from lapsing. We think the court did not err in overruling the offer. No testimony had been given or offered tending to show that Smith's interest was in lapsing the policies. You can attack your adversary's witness by showing that his interest is hostile to yours (Schultz v. Railroad Co., 89 N. Y. 242), but, in the absence of such an attack upon your own witness, you cannot of right fortify his credibility by showing that his interest was injured by the fact as he testifies to it. When he is attacked by evidence of hostile interest or feelings, the attack may be repelled along the same lines upon which it is made; but if he is not so attacked, but is simply contradicted, you cannot support him by collateral facts tending to show his truthfulness. The party calling a witness may, of course, show who he is, and his situation as to the parties and issues, and thus his means of knowledge, and can adduce circumstances relevant to the issues in his support, and it may be that these circumstances will show that his interest is adverse to his testimony; but, in the absence of attack, to raise collateral issues in support of your own witness is to suspend the trial of the real issues, and is not permissible.

The plaintiff was permitted to testify that she had on previous occasions been permitted by defendant's agents to pay her premiums after they had been due more than four weeks. The trial court, in submitting the case to the jury, in effect charged them that under the evidence she could not recover upon that ground, and therefore that the testimony was immaterial. The case in fact turned upon the question of payment February 29, 1896, within and not beyond the four weeks. We think the result would have been

the same if the testimony had been excluded, and that the defendant was not prejudiced by it.

We think, however, that the amount of the verdict, $249.62, should be reduced to the sum of $178.30, it appearing that the insurance forfeited could be obtained for that sum in another company equally reputable.

Judgment and order reversed, and a new trial granted, costs to abide the event, unless the plaintiff stipulate within 20 days to reduce the verdict to $178.30, in which case the judgment, thus modified, is affirmed, without costs. All concur.