(50 Misc. Rep. 634)

SALZMAN v. MANDEL.

(Supreme Court, Appellate Term. April 24, 1906.)

1. WITNESSES—BIAS—HOSTILITY—CROSS-EXAMINATION.

In an action for assault defendant was entitled to show the probable bias of a witness for plaintiff through hostility to defendant, and to bring out the reasons why witness, a former customer of defendant's, had ceased dealing with the latter, and whether witness had not once been ordered out of defendant's place of business.

[Ed. Note.—For cases in point, see vol. 50, Cent. Dig. Witnesses, § 1189.]

2. APPEAL—REVIEW—HARMLESS ERROR.

Error in excluding such evidence was not rendered harmless by the fact that defendant himself afterwards testified that he had no trouble personally with witness; this not touching the question of witness' own state of mind.

Appeal from City Court of New York, Special Term.

Action by Yetta Salzman against Adolf Mandel. From a judgment and order denying a motion for new trial, defendant appeals. Reversed. See 97 N. Y. Supp. 298.

Argued before SCOTT, P. J., and TRUAX and BISCHOFF, JJ.

Joseph Wilkenfeld, for appellant.

Frederick Wiener, for respondent.

BISCHOFF, J. Substantial error was committed in the exclusion of certain evidence offered for the defendant, and the motion for a new trial should have been granted. The action was for an assault suffered by the plaintiff at the hands of the defendant, a banker, at his place of business, and the issue was whether the assault had ever taken place. The testimony of the plaintiff was corroborated by an apparently disinterested witness, Grief, but upon cross-examination the defendant's counsel was not permitted to bring out the reasons why the witness, a former customer, had ceased dealing with the defendant, and whether he had not once been ordered out of the defendant's place of business. The defendant was entitled to show the probable bias of the witness through hostility to the party against whom he testified (People v. Milks, 70 App. Div. 438, 74 N. Y. Supp. 1042; Schultz v. R. R. Co., 89 N. Y. 242), and the questions excluded had a direct and material bearing upon the witness' credibility.

The error in the ruling was not rendered harmless by the fact that the defendant afterward himself testified that he had no trouble personally with Grief, since this did not touch the question of Grief's own state of mind.

It appears, also, that the court did not give sufficient latitude to the defendant upon the plaintiff's cross-examination, in the attempted inquiry whether her alleged injuries were not caused by a fire which occurred at her home.

The judgment and order must therefore be reversed, and the motion for a new trial granted, with costs to the appellant to abide the event. All concur.