STATE, Respondent, v. SMITH, Appellant.

(183 N. W. 873.)

(File No. 4845. Opinion filed July 16, 1921.)

1. **Criminal Law—Evidence—Discrediting State's Witness by Showing Attempt to Bribe Him by Another, Without Cross-examining Former, Competency.**

In a criminal prosecution for adultery, held, that it was proper for defendant to ask of complaining witness if he had not been employed by one C. to find the witness M. for the purpose of making the latter give false testimony against de-

fendant, and if C. did not in presence of complaining witness offer M. a consideration if he would give such false testimony against defendant, and if C. had not paid one K. $50 for procuring M. to so testify, and if complaining witness himself did not receive $50 for swearing to the information; this although the witness M. had not been cross-examined as to his hostility or bias against defendant; that the objection that such evidence was immaterial, or irrelevant, is untenable.

**2.   Same—Whether Such Testimony Connects Witness Showed to Be Bribed With Rejected Evidence—Prejudicial Error.**
    Held, further, that the first question so asked, involving an offer by C. to M. in presence of complaining witness, called for evidence and circumstance necessarily connecting M. with the evidence and circumstance sought to be elicited by the interrogator, hence rejection of the testimony was prejudicial error.
    Whiting J., concurring in the result.

Appeal from Circuit Court, Walworth County. Hon. JOSEPH H. BOTTUM, Judge.

The defendant, Clifton C. Smith, was convicted of the crime of adultery, and he appeals. Reversed.

*Caldwell & Caldwell,* for Appellant.

*Byron S. Payne,* Attorney General, and *Edwin R. Winans,* Assistant Attorney General, for Respondent.

(1)   To point one of the opinion, Appellant cited:   People v. Brooks, 131 N. Y. 321; Schultz v. Railroad Co., 89 N. Y. 242.

McCOY, J.   From a conviction of the crime of adultery, defendant appeals.

[1]   One Martin, a witness for the state, testified to an alleged confession made to him by the appellant whereby the appellant is alleged to have confessed his guilt, and which alleged confession constitutes the only direct evidence against him. One Wright, the complaining witness was called as a witness for appellant, and in substance was asked the question if it was not a fact that before the prosecution was commenced he had been employed by one Caster to find the witness Martin, for the purpose of having him give false testimony against appellant, and if Caster did not, in the presence of Wright, offer Martin a consideration if he would give false testimony for the purpose of convicting appellant. Objection by the state was made to this question, on the ground that it was immaterial, and which objec-

tion was sustained and exception taken to such ruling, which is now assigned as error. The said witness Wright was also asked the question if Caster had not paid one Kellerson, a brother-in-law of Martin, $50 for procuring Martin to testify falsely against defendant, and that Kellerson agreed to get Martin as a witness for $100, and if the complaining witness himself did not receive $50 for swearing to the complaint or information against appellant. This question was objected to, on the ground that the same was immaterial, and not within the issues. The objection was sustained, and such ruling is now assigned as error.

The witness Martin was not cross-examined as to his hostility or bias against the appellant. It is the contention of appellant that the testimony sought to be brought out before the jury by means of these questions was material for the purpose of discrediting the testimony of said Martin, notwithstanding the failure of the appellant to cross-examine said Martin concerning his hostility or bias. We are of the opinion that it was error to sustain these objections. In the case of People v. Brooks, 131 N. Y. 321, 30 N. E. 189, the trial court held that such evidence should not be admitted without proper foundation having been laid on cross-examination of the witness sought to be discredited. In that case, in rendering the opinion the court among other things said:

"We think the rule of law laid down by the trial judge was erroneous. The hostility of a witness towards a party against whom he is called may be proved by any competent evidence. It may be shown by cross-examination of the witness, or witnesses may be called who can swear to facts showing it. There can be no reason for holding that the witness must first be examined as to his hostility, and that then, and not till then, witnesses may be called to contradict him. Because it is not a case where the party against whom the witness is called is seeking to discredit by contradicting him. He is simply seeking to discredit him by showing his hostility and malice; and as that may be proved by any competent evidence we see no reason for holding that he must first be examined as to his hostility."

To the same effect are the following authorities: Schultz v. Railway Co., 89 N. Y. 242; Garnsey v. Rhodes, 138 N. Y. 461, 34 N. E. 199; Martin v. Barnes, 7 Wis. 239; Barkly v. Copeland,

86 Cal. 483, 25 Pac. 1, 405.    In Martin v. Barnes, supra, in rendering the opinion granting a new trial where this same rule of evidence was involved, the court said:

"We are of the opinion the evidence offered was competent. It went to the credibility of the witness, and respected conduct of his, which did not require to be called to his attention, like conversations he may have had, respecting the subject-matter of his testimony.    Besides it tended to show a corrupt combination, not to say conspiracy, between the witness and defendant to injure the latter."

In 2 Elliott, Ev. § 973, the rule is stated as follows:

"The fact of hostility or bias may be brought out on cross-examination or by competent evidence of witnesses called to testify concerning it."

The same rule is referred to in note in Lodge v. State, 82 Am. St. Rep. 54.    See Wigmore, Ev. §§ 948 to 959.

[2]    Respondent contends there is nothing shown by the questions asked or the offer made that would tend to connect the witness Martin with the rejected evidence.    The first question involved an offer by Caster to Martin in the presence of witness Wright.    We are of the opinion that this question called for evidence and circumstances necessarily connecting Martin with the evidence and circumstances sought to be brought out before the jury by means of these questions.    We are therefore of the view that it was prejudicial error to exclude testimony of this character.    There seems to be a well-grounded distinction between contradicting a witness for the purpose of impeachment and showing hostility or bias to impeach his credibility, and that it is not necessary to lay a foundation on cross-examination concerning the latter class of impeachments.

The judgment and order appealed from are therefore reversed.

WHITING, J., concurs in the result.