LOUISE FIATO et al., Plaintiffs, *v.* NEWS SYNDICATE COMPANY, INC., Defendant.

Supreme Court, Trial Term, Kings County, May 25, 1949.

*Harry R. Schwartz* and *Harry H. Lipsig* for plaintiffs.

*James O. Denniston* for defendant.

KLEINFELD, J. After the jury rendered a verdict in excess of the amount claimed in the complaint, plaintiff moved to conform the pleadings to the proof to increase the amount of damages prayed for in the complaint to the amount of the verdict. Defendant moved to set aside the verdict. Plaintiff relies, mainly, on the authority of *Schultz* v. *Third Ave. R. R. Co.* (89 N. Y. 242), which contains dictum to the effect that a variance between the amount demanded in the complaint and the amount

of the verdict may be a proper subject for amendment pursuant to section 722 of the Code of Civil Procedure, now section 109 of the Civil Practice Act. But in a subsequent case in the General Term, the court refused to grant a similar amendment, and clearly distinguished the *Schultz* case (*Graves* v. *Hunt*, 8 N. Y. St. Rep. 308, 26 N. Y. Week. Dig. 567). The weight of authority is definitely opposed to the allowance of the amendment (*Corning* v. *Corning*, 6 N. Y. 97; Clark, New York Law of Damages, § 765; 4 Sedgwick on Damages, 9th ed., § 1258 *et seq.*; 2 Sutherland on Damages, 4th ed., § 417). Within ten days plaintiff may stipulate to reduce the amount of the verdict to the amount prayed for in the complaint, in which event the motion to set aside the verdict will be denied; otherwise the motion to conform the pleadings to the proof, by increasing the amount of damages prayed for, is granted, the verdict set aside, and a new trial ordered.