NEW YORK,
May, 1816.

LAURENCE
v.
HOPKINS.

To take a demand out of the statute of limitations there must be a promise express or implied. And no promise can be inferred from a declaration of the defendant, that he was not holden to pay any thing, and that the contract could not be enforced at law; and that he never would pay any thing, as it was an unjust debt. An offer by a defendant to compromise a suit, which is rejected, cannot be made use of to take the case out of the statute of limitations.

LAURENCE *against* HOPKINS.

THIS was an action on a joint and several promissory note, of which the defendant was one of the makers, dated the 7th of *October*, 1803, payable to *Ebenezer Whiting*, or order, four years after date, for 152 dollars and 52 cents, and endorsed by the payee to the plaintiff. The defendant pleaded the general issue, and *non assumpsit infra sex annos*, to which the plaintiff replied. The cause was tried before Mr. Justice *Platt*, at the *Schenectady* circuit, in *November*, 1815.

The plaintiff was nonsuited at the trial upon a variance between the note given in evidence and the declaration. The parties, in making up the case, agreed to submit to the court the following testimony in relation to the defence of the statute of limitations; which was, that the defendant, in a conversation with one witness, stated, that he had been lately sued upon a contract made with *Whiting*, and that, by the terms of the contract, he had never considered himself holden to pay any thing; and that his counsel had advised him that the contract could not be enforced at law; and that, in a conversation with another witness, upon the witness mentioning that he had attempted to settle with the plaintiff, upon the note, and had offered him twenty-five dollars on behalf of the defendant, to be in full of the note, which the plaintiff refused to accept, the defendant replied, that he was sorry any such offer had been made, as he never would pay one cent on the note, as he considered it an unjust debt.

The case was submitted to the court without argument.

*Per Curiam.* The evidence is not sufficient to take the case out of the statute of limitations. It neither shows an express or implied promise to pay the debt; but, on the contrary, it appears that the defendant uniformly considered the demand as unjust from the beginning, and that he was under no obligation to pay it. To infer a promise to pay, in direct opposition to the defendant's denial of the justice and fairness of the debt, would be trifling with the statute. The proposition to give 25 dollars to settle the demand must be laid out of the case, because that was a mere peace-offering, and being rejected, it cannot prejudice the defendant.

                                        Judgment for the defendant.