McKnight *v.* Lewis.

---

SAME TERM.     *Before the same Justices*

McKNIGHT, adm'r, &c. *vs.* LEWIS.

| 5b    681 |
| 76 AD²448 |

The protest and certificate of a deceased notary public are presumptive evidence of the presentment of a note, and of non-payment and notice to the endorser; notwithstanding the endorser, when sued upon the note serves an affidavit with his answer, denying that he ever received notice of non-payment.

The certificate of an officer, when by law evidence for others, is competent testimony for the officer himself, provided he was, *at the time of making it*, competent to act officially in the matter to which it relates.

Accordingly, where a notary public protested a note, in which he was not interested at the time, but he afterwards became the holder thereof, *held*, that in a suit upon such note by his personal representative, after his death, the protest and certificate of the notary were competent evidence in behalf of the plaintiff.

Where a notice of the protest and non-payment of a note is in form good, and has upon its face all the requisites of a legal notice, but *misdescribes* the note, the question to be determined is not one of law as to the sufficiency of the notice, but is a question of fact, whether the endorser was misled by the mistake.

McKnight v. Lewis.

THIS was an appeal from a judgment of the recorder's court of the city of Buffalo. The action was brought by the plaintiff as administrator of James E. McKnight deceased, against the defendant as endorser of a promissory note of which the following is a copy:

"$150.　　　　　　　　　Buffalo, 30th April, 1847.

Sixty days after date, I promise to pay to the order of Samuel Lewis, one hundred and fifty dollars, value received, at O. Lee & Co's Bank.

　　　　　　　(Signed)　　ANDERSON DECKIE.

(Endorsed) SAMUEL LEWIS."

For the purpose of proving the dishonor of the note, and notice to the defendant, the plaintiff proved that when the note fell due, it was owned by one Truscott, from whom the intestate afterwards purchased it, and that at the time the note matured, James E. McKnight, the intestate, was a notary public residing in the city of Buffalo; and he read, under an exception taken by the defendant's counsel, a protest and certificate under the hand and seal of the intestate, annexed to the note, made prior to the time when he became the owner of it. From this certificate it appeared that the note had been dishonored, and due notice given to the defendant. The defendant's answer denied presentment and notice of the non-payment of the note; and with it was served an affidavit made by the defendant, stating that he had never received notice of its non-payment. The defendant introduced on the trial a notice which he claimed was the one served on him, as stated in the certificate of protest, which notice was as follows:

"$34,88.　　　　　　　　Buffalo, N. Y. July 2d, 1847.

Please to take notice, that a note dated April 30, 1847, for thirty-four dollars 88 cents, drawn by Anderson Deckie and endorsed by you, was this evening protested for non-payment, payment having been demanded and refused. The holders thereof look to you for payment. Your obt. servt.

　　　　　　　(Signed)　J. E. McKNIGHT, Notary public.

To Samuel Lewis."

(Addressed on the outside) "SAMUEL LEWIS, Esq. Buffalo."

McKnight *v*. Lewis.

The defendant's counsel insisted that as a matter of law the misdescription of the note in the notice was fatal, and that the defendant for this reason was not charged as endorser; and he asked the recorder so to decide. The recorder refused, and held that it presented a question of fact whether the defendant was misled by the misdescription; and the defendant's counsel excepted. The cause was tried without a jury, and the recorder found in favor of the plaintiff, and ordered a judgment for the amount of the note.

The points made by the appellant were, 1. The affidavit of the defendant, served with his answer, destroyed the efficacy of the notarial certificate, as evidence. 2. Although the revised statutes make the protest and certificate of a deceased notary public presumptive evidence of presentment of a note and non-payment, and notice to the endorser, still they are not competent in behalf of the administrator of the deceased notary. 3. The notice of non-payment misdescribed the note, and was therefore legally insufficient to charge the defendant. The court erred in not so deciding, as a matter of law. In the court below the proper exceptions were taken to raise these questions.

*E. Cook*, for the appellant.

*D. Tillinghast*, for the respondent.

*By the Court*, Sill, J. By the revised statutes public notaries are authorized to demand payment of promissory notes, and to protest them for non-payment. (2 *R. S.* 283.) Section 45 of this statute declares, however, that neither such protest, nor any note thereof, made by any notary in this state, shall be evidence in any court in this state, except in the cases specified in the next section. One of the cases specified in the 46th section, is the death of the notary, and in this event his protest is, upon proof of his official seal and signature thereto, made presumptive evidence of the demand of payment as stated therein. And section 47 declares that any note or memorandum made

by the notary at the foot of the protest, or in any regular register of official acts, in his hand-writing or signed by him, shall (in case of the notary's death) be presumptive evidence that notice of non-payment had been given at the time and in the manner therein stated.

The defendant's counsel contends that by the service of the affidavit with the answer the certificate of the notary was rendered, by a statute enacted in 1833, ineffectual as evidence for any purpose. In this he is most clearly mistaken. By the revised statutes, neither the protest of a promissory note, made by a notary in this state, nor his certificate, was evidence in any court in this state, except in cases where the personal attendance of the notary on the trial, or his testimony, could not be procured in any mode provided by law. In 1833, these protests and certificates under the official seal and signature of the notary, were declared presumptive evidence of the facts stated in them. (*Laws of* 1833, *ch.* 271, § 8.) But the same section containing this provision, declared that *it* should not apply to cases in which the defendant with his plea served an affidavit, like that served with the answer in this case.

The effect of serving such an affidavit is to deprive the plaintiff of the benefit of the certificate as evidence, so far as it derives its efficacy from the 8th section of chapter 271 of the laws of 1833; but it in no way impairs its force or competency as testimony under the revised statutes. The protest and certificate at its foot were therefore properly admitted as evidence, notwithstanding this objection, and proved presumptively, dishonor of the note, and notice to the defendant.

The next objection is that the official protest and certificate of the intestate were admitted in evidence in favor of the plaintiff, who is his representative. At the time J. E. McKnight made this protest and memorandum of notice at its foot, he had no interest in the note. He had authority by law, and was competent in the particular case, to present and demand payment of it and to give the notice of refusal, and also to make officially the protest and memoranda which, in a certain contingency, the statute had declared presumptive evidence of such dishonor

McKnight *v.* Lewis.

and notice. The certificate of an officer, when by law evidence for others, is competent testimony for the officer himself, provided he was competent, *at the time of making it,* to act officially in the matter to which it relates. This doctrine is applied daily in cases of justices of the peace, sheriffs, constables and other officers. No one will doubt that a commissioner of deeds or judge, who takes and certifies the acknowledgment of the execution of a deed conveying land, and who subsequently purchases the same land, may use his own certificate to prove the execution of the conveyance to his grantor.

Witnesses who have been examined and afterwards become interested, and are made parties in the same suit, have been permitted to read their depositions in their own favor, upon the ground that when they were examined they were not incompetent to testify in the cause as witnesses. (*Goss* v. *Tracy,* 1 *P. Wms,* 287; *same case,* 2 *Vernon,* 699. *Haws* v. *Hand,* 2 *Atk.* 615. *Glynn* v. *The Bank of England,* 2 *Ves. sen.* 42.) The application of this doctrine to this case shows that the protest and certificate were properly admitted in favor of the plaintiff, although he was the representative of the person who made them. The remaining point is made upon the notice of protest and non-payment of the note. The defendant's counsel assuming, (whether by authority or not we need not now inquire,) that the notice produced is the same that the certificate of the notary proves to have been served, insists that it is, as a matter of law, insufficient to charge the defendant. We are upon this point referred to the unreported case of *Dole* v. *Gold,*(a) decided by this court, and in which the defendant was discharged on account of the insufficiency of the notice. That case was unlike this. The notice there was defective on its face; omitting an essential statement indispensable to the validity of a notice to charge an endorser in any case. Here the notice is in form good. It has upon its face all the requisites of a legal notice, but misdecribes the note to which it is claimed by the plaintiff to refer. The present case is in principle like that of

(a) See ante, p. 490.

*The Cayuga Co. Bank* v. *Warden*, (1 *Comst.* 413,) in this particular, and that decision must control ours upon this point. How the authorities stand upon this question, independent of the case referred to, it is not necessary, if it were proper, at this time to inquire. The question was accordingly one of fact, whether the defendant was misled by the mistake in the notice, and the finding of the court below on this question disposes of it.

Judgment affirmed, with costs.

Same Term. *Before the same Justices.*