REUBEN COMINS, Respondent, *v.* SAMUEL A. HETFIELD, Survivor, etc., Appellant. ·

Plaintiff contracted to build certain railroad bridges and trestle-work for defendant's firm, which had a contract with the railroad company for building the road. The bridges, etc., were to be built to the satisfaction of B., the superintendent of the road. In an action to recover for work, etc., in building a bridge and trestle-work under the contract, in which the defense was that the work was not done according to contract, *held,* that testimony was competent on the part of plaintiff to the effect that the bridge and trestle-work had been and were in use by the company, and that no objection thereto was ever made by defendants or by B.

After plaintiff had given testimony on the trial as to transactions with C., one of the defendants, but before his examination was completed, C died. *Held,* that the death of C. did not authorize the striking out of the testimony; that section 399 of the Code of Procedure had no application, as the disqualification under that section depended entirely upon the facts existing when the testimony was given, not upon any change subsequently occurring.

After the death of C., plaintiff produced a diagram for one of the bridges, furnished by defendants. He could not recollect from whom he received it, and was unable to say he did not receive it from C. He did testify, however, that he used the diagram in the presence of defendants' engineer and of defendant H. *Held,* that the diagram could not be excluded as a personal transaction with the deceased, and was properly received in evidence; that under said section, where a transaction was with a defendant living, it was not incompetent because another defendant was dead.

After plaintiff had been partially examined as a witness, the hearing was adjourned, and was set down for two successive days. The referee upon the first day informed the attorney for the parties that the case would not be proceeded with that day, but would be the next. He was advised by defendant's attorney that he could not attend the next day; he did not appear, and the case was proceeded with on the second day. Several witnesses being examined for plaintiff without any one appear-

ing for defendant. . A motion was made on behalf of defendants at Special Term to strike out the evidence so given, which was denied. A similar motion was thereafter made before the referee upon a subsequent hearing. *Held*, that the motion was properly denied.

Also, *held*, that the claim of a mistrial because of the proceeding of the referee without an adjournment was a question of irregularity disposed of on the motion, and not reviewable on appeal from the judgment.

Also, *held*, that an order of Special Term denying a motion to set aside the referee's report and the judgment thereon, and to vacate the order of reference because of irregularity in the proceedings before the referee, was not reviewable here; that it was a matter addressed to the discretion of that court.

(Argued February 6, 1880; decided February 24, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff, entered upon the report of a referee. Also appeal from order of General Term, affirming an order of Special Term, denying a motion to set aside the report of the referee and the judgment entered thereon, and to vacate the order of reference. (Mem. of decision below, 12 Hun, 375.)

This action was brought to recover for work, labor and materials in building certain bridges and trestle-work, connected with the Fort Edward and Glens Falls Railroad, which road was being built by defendant's firm, for and under a contract with the Rensselaer and Saratoga Railroad Company.

The cause was brought on to a hearing on September 2, 1875, plaintiff was called and examined as a witness in his own behalf, before such examination was concluded an adjournment was had to September twenty-fourth and twenty-fifth. On the twenty-fourth, plaintiff's counsel appeared before the referee and was informed by the latter that he could not proceed with the hearing on that day, but would on the next. Said counsel then left, afterward defendants' counsel appeared and was similarly informed. Said attorney informed the referee that he had an engagement the next day which would prevent his appearing and going on

with the case then ; he did not nor did any one appear for defendants the next day. The referee proceeded with the trial ; three foreign witnesses were sworn and examined for plaintiff, and the case was then adjourned to October 2, 1875 ; a motion was then made at Special Term, on behalf of defendants, to set aside the proceedings had before the referee on September twenty-fifth, this motion was denied without prejudice.

Before another hearing was had in the cause one of the original defendants, Isaac B. Culver, died, on the next hearing defendant's attorney moved to strike out the testimony so taken September twenty-fifth, which motion was denied, and said attorney duly excepted. Said attorney also moved to strike out all of the testimony of the plaintiff relating to personal transactions with Culver the deceased, which motion was denied and exception taken.

The contract as testified to by plaintiff, was to the effect, that the work was to be done by him to the satisfaction of I. V. Baker, the superintendent of the Rensselaer and Saratoga Railroad. He was allowed to testify, under objection and exception, that the bridge and trestle-work constructed by him were taken and used by the railroad company, and that neither the defendants, nor Baker, ever made any objections to the work ; that plaintiff had had many conversations with defendants and had had a conversation with Baker. Upon the second examination of plaintiff he produced a diagram of two street bridges, built by him, which he testified was furnished by defendants. He could not state from which of the defendants he received it, or that it was not received from defendant Culver. He testified, however, that he used the diagram in the presence of defendants' engineer and of defendant Hetfield. Defendants' attorney objected to the use of the diagram on the ground that it involved a transaction with the deceased defendant. The objection was overruled.

After plaintiff had testified to the work done and materials furnished by him he offered his account against defendants ;

this was objected to, the referee received it, "not as evidence in itself, but as a memorandum explaining and pointing plaintiff's testimony." After the referee had made his report, and judgment had been entered thereon, a motion was made on the part of defendant to set aside the report and the judgment thereon and the order of reference, on substantially the same grounds as those on which motion was made to strike out the testimony taken September twenty-fifth ; this motion was denied.

Further facts appear in the opinion.

*James W. Culver*, for appellant. The same rule of law which protects parties from any undue influence upon the minds of jurors applies to referees. (*Yale* v. *Gwinits*, 4 How. Pr., 253; *Dorlan* v. *Lewis*, 9 id., 1; *Wilson* v. *Abraham*, 1 Hill, 207, 211; *Ex parte Hunt*, 5 Cow., 283; *Reynolds* v. *Champlain Trans. Co.*, 9 How., 14; *O'Brien* v. *Mer. F. Ins. Co.*, 38 N. Y. Sup. Ct. [6 J. & S.], 482, 489; *Nesmith* v. *Cl. F. Ins. Co.*, 8 Abb., 141, 146; *Bank* v. *Mix*, 51 N. Y., 558, 561; Gra. Pr. [2d ed.], 628; 2 Chit. Arch., 29; 7 Burr., 352; 1 Wm. Bl. 298; 5 Tampt., 277; Gra. on New Trials [1st ed.], 45, 61; *Ayrault* v. *Sacket*, 17 How., 507, 510; *Stebbins* v. *Brown*, 65 Bar., 272; *Livermore* v. *Bainbridge*, 14 Abb. [N. S.], 227; *Gray* v. *Fisk*, 12 id., 213, 215; *Roosa* v. *S. and W. Turnpike Co.*, 12 How., 297.) The referee erred in refusing to strike out so much of plaintiff's evidence as related to transactions had with defendant Culver personally. (Code, § 399; *Dubois* v. *Baker*, 40 Barb., 556–562; *Ressequie* v. *Mason*, 58 id., 89, 99.) The referee erred in allowing the plaintiff, after the death of Culver, to identify the diagram which he alleges he received from defendants. (Code, § 399; *Brady* v. *Reed*, 87 Penn., 111; *Hill* v. *Heermans*, 17 Hun [4th dept.], 470; *Alexander* v. *Dutcher*, 70 N. Y., 385.) The satisfaction or approval of Baker was a condition precedent to plaintiff's right of recovery. There was no waiver by defendants. (*Smith* v. *Brady*, 17 N. Y., 173; *Butler* v. *Tocker*, 24

Wend., 447; *Bowery Nat. Bank* v. *Mayor, etc.*, 2 Sup. Ct.
R. [T. & C.], 523; *Haden* v. *Coleman*, 73 N. Y., 567.)
Plaintiff cannot maintain this action without having made a
demand of the defendants for the Rensselaer and Saratoga
bonds, which he was to receive for forty per cent of the
amount of his work. (*Lobdell* v. *Hopkins*, 5 Cow., 516;
*Durkee* v. *Marshall*, 7 Wend., 312; *Moore* v. *H. R. R. R.
Co.*, 12 Barb., 156; 29 id., 418; *Bonesteel* v. *Mayor, etc.*, 6
Bos., 550, 556.)

*R. A. Parmenter*, for respondent. A motion to set aside
the report of a referee on the ground of improper conduct on
his part, is addressed to the discretion of the Supreme Court,
and this court has no jurisdiction to review such discretion.
(*Gray* v. *Fisk*, 53 N. Y., 630; *Livermore* v. *Bainbridge*, 56
id., 72.) A judgment entered on the report of a referee
will not be disturbed on the merits, as no facts will be con-
sidered by this court except such as have been found by the
referee, and such findings will be conclusive if there is any
evidence to warrant them. (*Stillwell* v. *Mutual Life Ins.
Co.*, 72 N. Y., 388; *Fabbri* v. *Kalbfleisch*, 52 id., 28–30;
*Vermilyea* v. *Palmer*, 52 id., 476; *Van Slyke* v. *Hyatt*,
46 id., 259; *Field* v. *Munson*, 47 id., 221.) The testimony
of the plaintiff in his own behalf, taken before the referee
previous to the decease of the defendant Culver, is compe-
tent and admissible, notwithstanding the subsequent death
of Culver. (*Clement* v. *Benjamin*, 12 J. R., 299; *Kis-
san* v. *Forest*, 25 Wend., 651; 7 Hill, 463; *The People* v.
*Cole*, 43 N. Y., 508; *Cary* v. *White*, 59 id., 336; *Brogue* v.
*Lord*, 2 Abbt. [N. C.], 1, note at end of case; *Comstock*
v. *Hier* 73 N. Y., 280–281.) There having been no motion
for a nonsuit, or objection to the insufficiency of the evidence
on any material fact, this court, on appeal from the judg-
ment, should not consider any question now raised as to the
insufficiency of the evidence on any given point. (Code,
§§ 268, 272, 348; *Devoe* v. *Bratt*, 58 Barb., 493; *Bense* v.
*Wood* 37 N. Y., 532.) An agreement to pay part in Rens-

sclaer and Saratoga Railroad bonds not having been pleaded, and no such tender proved or claimed to have been made, it was not available as a defense. (*Sandford* v. *Travers*, 7 Bosw., 498; *Hendricks* v. *Decker*, 35 Barb., 298; *McKyring* v. *Bull*, 16 N. Y., 297; *Barnes* v. *Perine*, 12 id., 24; 75 id., 121–332–444; *Ingraham* v. *Baldwin*, 12 Barb., 19; *Briggs* v. *Smith*, 20 id., 417; *Voorhees* v. *Burchard*, 55 N. Y., 104; *Raplee* v. *Arnot*, 69 id., 617.) To make that defense effectual, the bonds should have been produced on the trial, and surrendered to the plaintiff. (*The Brooklyn Bank* v. *De Grauw*, 23 Wend., 342, 345; *Moore* v. *Kipp*, 78 Penn., 96.

MILLER, J. The testimony introduced by the plaintiff to prove that the bridge and trestle-work were in use by the railroad company, and have been since the railroad was completed, and that no objection was ever made by the defendants, or by I. V. Baker, to whose satisfaction the work was to be done was properly received. The acceptance by the railroad company, without any objection by its officers or its superintendent, Mr. Baker, was competent, to show that the work was properly done and satisfactory. There was evidence upon the trial that the plaintiff had conversed with the defendants and with Baker about the bridges, and if he (Baker) had no objection either to the work or the materials, it tended strongly to show that the contract had been fulfilled.

The account, to the introduction of which objection was made, was not received as evidence, but merely as a memorandum explaining and pointing the plaintiff's testimony. It did not relate to a personal transaction between the plaintiff and the defendant Culver, who was deceased, but could only have been a statement of the plaintiff of his demand. We see no objection to thus stating in writing the character of the plaintiff's claim, and in allowing the plaintiff to refer to the same in giving his testimony. As, however, the paper referred to is not incorporated in the printed case, and its

real character cannot be ascertained, the question raised is not presented upon this appeal.

The motion to strike out the testimony of the plaintiff in his own behalf, taken prior to the decease of the defendant Culver, was properly denied. The death of Culver, after the testimony had been given and before it was completed, would not justify the striking out of the testimony which had already been taken. Section 399 of the Code has no application to such a case, and cannot be invoked to sustain the motion. The testimony being entirely competent when it was admitted, and the plaintiff entitled to the benefit to be derived from the facts sworn to, the subsequent death of one of the defendants would not render it inadmissible. The disqualification of the witness depended entirely upon the facts as they existed when he gave his testimony, and not upon any change which subsequently occurred before the examination was completed.

Nor was there any error in allowing the plaintiff to testify that he had the diagram for one of the bridges furnished by the defendants. The plaintiff did not recollect from whose hands he received the diagram, and was not able to say it had not been received from the defendant Culver. He did testify, however, that he made use of the diagram in the presence of the defendant's engineer, or in the presence of the defendant Hetfield. It was not shown that it came from defendant Culver, who was dead, and hence the objection that the evidence involved a conversation had with the deceased defendant personally, founded upon the provisions of section 399 of the Code, was not available. If he made use of it in the presence of Hetfield, the other defendant, he could have been called to contradict the plaintiff; and hence the evidence was not objectionable for that reason. Where the transaction was with a defendant who was living, it is not incompetent evidence because the other defendant is deceased. It does not appear in what way the diagram was used by the plaintiff, or in what manner that fact would prejudice the defendants' rights; and therefore the testimony was not important.

The referee committed no error in refusing to strike out the testimony of the witnesses named by the defendants' counsel. It was no sufficient ground for granting the motion because the plaintiff's examination had not been completed; and as to the alleged irregularity in the adjournment of the case, that had been the subject of a motion at Special Term, which had been decided against the defendants, and was therefore disposed of.

The claim that there was a mistrial, because of the proceedings of the referee without an adjournment, also involved a question of irregularity, and was a subject of consideration and decision upon the motion referred to. It is not, therefore, reviewable upon an appeal from the judgment.

There is no ground for claiming that no cause of action was proved against the defendants. The referee found in favor of the plaintiff; and we think the testimony sustains his findings. The evidence showed that the work was accepted, and no objection made by the defendants or by the superintendent of the road, Mr. Baker. No motion was made for a nonsuit upon the trial, and no objection to the insufficiency of the evidence upon the question of approval. The objection should have been pointed out, so as to allow the plaintiff to introduce additional testimony, if he desired to supply the alleged defect. As this was not done, the point does not arise upon this appeal.

It does not appear from the appeal book that the point was made upon the trial, that the plaintiff could not recover because forty per cent of the amount was to have been paid in the Rensselaer and Saratoga railroad bonds, and that no demand for them had been made by the plaintiff; and that question is, therefore, not now presented. These views dispose of all the questions raised upon the appeal from the judgment.

The record also brings up for review the order of the Special Term denying the motion to set aside the referee's report, and the judgment, and to vacate the order of reference. We think the motion was properly disposed of by

the Special Term. So far as the proceedings before the referee are concerned, they involved a question which was addressed to the discretion of the referee, and his decision in this respect cannot be reviewed here. It is proper, however, to remark that we are unable to discover anything which was irregular, or which reflects, in any way, upon the conduct of the case before the referee and the orderly and proper administration of the law.

The order appealed from, and the judgment, should be affirmed, with costs upon each appeal.

All concur, except RAPALLO, J., absent at argument.

Judgment and order affirmed.