JOHN H. SMITH, Respondent, *v.* JOHN SATTERLEE *et al.*,
Appellants.

*Court of Appeals, December, 23, 1891.*

*Evidence. Compromise.*—A letter, containing, not an admission of a fact,
but an offer of compromise made for the purpose of procuring a settle-
ment of a pending controversy, is incompetent in an action upon such
disputed claim.

Appeal from a judgment of the general term of the su-
preme court, second department, entered on an order affirm-
ing a judgment entered on the report of a referee.

*T. C. Cronin,* for appellants.

*Frank Cumesky,* for respondent.

Parker, J.—The complaint alleged an indebtedness on the
part of the defendant to one Lutz for services rendered, and
his assignment of the demand to the plaintiff. The answer
denied any indebtedness to Lutz, and averred that prior to
the assignment of Lutz' alleged claim to the plaintiff he
became indebted to the defendants in a sum exceeding the
amount for which the plaintiff demanded judgment.

It was not disputed on the trial that Lutz rendered the
services for which plaintiff sought to recover, nor their
value. But the defendants attempted to prove that Lutz
was entrusted with a sum of money due one Minshull,
then an engineer on Lutz' division ; that Lutz converted the
money to his own use, and thereafter the defendants were
compelled to pay Minshull such amount.

Whether Lutz did or did not receive and retain the
money intended for Minshull was the only question in the
case.

The defendants' evidence tended to show a request by Lutz of the paymaster for Minshull's money, that it was properly counted, put in an envelope and placed on the desk with the other pay envelopes which were taken by Lutz to the employees on his division. Lutz denied having received or asked for it.

The defendant Satterlee testified that Lutz admitted to him that he had received the money, but had lost it, as he supposed, out of his overcoat pocket. And in further support of defendants' contention it was proven that Minshull did not receive his money at the time the other employees on the division received theirs, but that it was paid to him by the defendants about eight days later and by check.

The plaintiff against defendants' objection and exception put in evidence a letter written over a year after this action was commenced, of which the following is a copy:

"63 BROADWAY, NEW YORK, *April 16th*, 1884.

"J. H. SMITH, ESQ.:

"DEAR SIR:—Yours of the 14th inst. is at hand, and contents noted. To save costs and stop further litigation, we are willing to send you our check for fifty ($50) dollars in full liquidation of your claim. Please let us hear from you.

"Yours, etc.,

"JOHN SATTERLEE & Co."

The defendants then moved that it be stricken out, but the motion was denied and the exceptions thus taken are assigned for error on this review, and must be sustained because the letter does not contain an admission of a fact, but rather an offer of compromise, made for the purpose of procuring a settlement of a pending controversy. Laurence *v.* Hopkins, 13 Johns. 288; Marvin *v.* Richmond, 3 Denio, 58; Drapery *v.* Hatfield, 124 Mass. 53.

We cannot agree with the learned judge at general term that the judgment should not be reversed, because the admission of the letter could not have affected the result. It is not seen how this court can determine what effect it had on the mind of the referee, who admitted it as evidence and then refused to strike it from the record. Presumably it was considered in connection with the other evidence which induced a finding favorable to the plaintiff.

The judgment should be reversed.

Judgment reversed and new trial granted costs to abide event.

All concur.