ERASMUS D. GARNSEY, Respondent, *v.* JOSEPH E. RHODES,
                    Appellant.

|138  461|
|139   85|

Proof of a statement by one conspirator, not made, or of an act of his not
    done, in pursuance of the conspiracy, is not competent evidence for or
    against his associates.

It is proper to show, on cross-examination of a witness who has given
    material testimony against a party, hostility on his part against that
    party, and while it is in some measure in the discretion of the court as
    to how far such an examination may go, it is not within its discretion to
    refuse any and all evidence thereon, and so, a refusal to admit any testi-
    mony in reference thereto on cross-examination is error.

(Argued May 5, 1893; decided June 6, 1893.)

APPEAL from order of the General Term of the Supreme
Court in the first judicial department, entered upon an order
made March 31, 1892, which reversed a judgment in favor of
defendant entered upon the report of a referee and granted a
new trial.

This was an action to recover a balance claimed to be due
upon a contract for the erection of a house and for extra work
done by plaintiff.

The facts, so far as material, are stated in the opinion.

*Joseph J. Burr* for appellant. The facts as found by the
referee cannot be reviewed in this court. (Code Civ. Pro.
§ 1338; *Ingelhart* v. *T. I. H. Co.*, 109 N. Y. 454; *Prosser*
v. *F. N. Bank*, 106 id. 677; *Kane* v. *Cortesy*, 100 id. 132.)
In the case of a building contract, as in that of every other
contract, where performance of a certain amount of work in
a certain specified way is a condition of payment, such per-
formance must be shown fully and completely to entitle a
party to recover. (*Smith* v. *Brady*, 17 N. Y. 173; *Glaucius*
v. *Black*, 50 id. 145; *Crane* v. *Knuebel*, 61 id. 645; *Moll* v.
*Foery*, 43 Hun, 476; *Nolan* v. *Whitney*, 88 N. Y. 650; *Woll-
reich* v. *Fettrich*, 21 N. Y. S. R. 56; *Smith* v. *Clark*, 5 id.
156; *Woodward* v. *Fuller*, 80 N. Y. 316; *Phillips* v. *Gal-*

*lant*, 62 id. 260; *Crouch* v. *Gutman*, 134 id. 45.) Under the contract, not only was the performance of the work a condition precedent to plaintiff's right to recover, but the production of the certificate from the architect and its presentation to the defendant was likewise a prerequisite. In the event of the failure to produce such certificate, plaintiff must prove that it was both demanded and unreasonably refused. (*Crouch* v. *Gutman*, 134 N. Y. 45; *B. N. Bank* v. *Mayor*, *etc.*, 50 id. 339; *Byron* v. *Lowe*, 109 id. 291; *Wrangler* v. *Swift*, 90 id. 38.) There is no ground for claiming that the fraudulent conspiracy between the plaintiff and the architects had been condoned by the defendant, or that the defective performance of the contract had been waived. (*Murphy* v. *Buckman*, 66 N. Y. 297.) The fact that the architects gave the plaintiff certificates for the first three payments upon the strength of which defendant made these payments before knowledge of the fraud that had been perpetrated upon him, will not prevent the defendant from attacking the contract upon the ground of fraud. (*Wyckoff* v. *Meyers*, 44 N. Y. 143.) In the absence of proof of express authority from the defendant to the architects to substitute other and different plans and specifications from those which he agreed to as evidenced by his signature, the architects would have no authority to vary the contract. (*Genovese* v. *Mayor, etc.*, 3 J. & S. 397; *F. P. B. Co.* v. *F. N. Bank*, 22 id. 511; *J. A. I. Works* v. *Rouse*, 39 N. Y. S. R. 359.) Even if there had been no fraudulent collusion between the plaintiff and the architects, and the architects had without fraudulent design carelessly and negligently represented to plaintiff that the unsigned plans which they handed to him were exact duplicates of the plans signed with the defendant, the defendant would not have been bound by their action so as to become liable to the plaintiff, provided he had not performed his contract, but plaintiff's remedy would be against the architects for their negligence. (*Fargis* v. *Walton*, 19 J. & S. 32.) If the plaintiff cannot recover the balance due under the original contract on account of his fraudulent departure from it, the

so-called extra work having all of it been done on the building
which was the subject-matter of that contract and done under
that contract pursuant to its provisions, plaintiff's right to
recover for this also must fail, even if he had established all
the other conditions essential to recovery. (*Alger* v. *Vander-
poel*, 2 J. & S. 161; *Walden* v. *Eldred*, 34 N. Y. S. R. 398.)
The question whether all of this extra work was work done
under the contract is not open to this court for considera-
tion. (Code Civ. Pro. §§ 993, 994; *Brush* v. *Lee*, 1 Trans.
App. 66; *Nasen* v. *F. N. Bank*, 116 N. Y. 492; *Sickels* v.
*Flanigan*, 79 id. 224.) Even if the question were now an
open one and were to be considered solely as a question of
law, the willful failure of the plaintiff to perform his original
contract would debar his claim for any additional work done
upon the building itself, for the reason that the contract is an
entire and not a divisible one. (*Merrill* v. *A. Ins. Co.*, 73
N. Y. 452; *Walden* v. *Eldred*, 34 N. Y. S. R. 398; *Suther-
land* v. *Morris*, 45 Hun, 260; *Woodward R. & P. R. R.
Co.*, 108 N. Y. 48.) Evidence of conversations between the
defendant and his architects was properly admitted. (Wood
on Ev. 476; Abb. Tr. Ev. 190.)

*Edward S. Clinch* for respondent. The contract between
the plaintiff and defendant is a divisible contract. (*Pierson
v. Crooks*, 115 N. Y. 539; *Pope* v. *Porter*, 102 id. 366; 1 Add.
on Cont. 586; *Y. & C. M. Co.* v. *Wakefield*, 121 Mass. 91;
2 Pars. on Cont. [7th ed.] 648; Whart. on Cont. § 233; *Cat-
lin* v. *Tobias*, 26 N. Y. 217.) The defendant by his answer
seeks to sustain the original contract, to hold the plaintiff to
the consequences of an alleged nonperformance of it, and to
thus escape the payment of the unpaid installment of the con-
tract price and to recover from plaintiff damages for non-
performance. But when he is asked to pay for the extra
work that the referee finds was done, the defendant attempts
to repudiate the original contract for the purpose of defeating
a recovery by the plaintiff. This he cannot do. (*Lennon* v.
*Smith*, 124 N. Y. 578; *Walker* v. *Millard*, 29 id. 375; *Wood-*

*ward* v. *Fuller*, 80 id. 312.) The referee would not permit answers to questions put for the purpose of showing bias on the part of the witness King. The rulings of the referee cannot be sustained. (*People* v. *Pennhollow*, 3 N. Y. S. R. 445; *Starr* v. *Cragin*, 24 Hun, 177; *Newton* v. *Harris*, 6 N. Y. 345; *Van Wyck* v. *McIntosh*, 14 id. 443; *Schultz* v. *T. A. R. R. Co.*, 89 id. 242; *Higham* v. *Gault*, 15 Hun, 383; *Starks* v. *People*, 5 Den. 106; 1 Greenl. on Ev. § 450.) It is too late for the defendant to escape from his obligations under the contract, and he cannot refuse to pay the plaintiff for the work done under it. (*Murphy* v. *Buckman*, 66 N. Y. 297; *Taylor* v. *Mayor, etc.*, 83 id. 625; *Van Clief* v. *Van Vechten*, 130 id. 571; *Crouch* v. *Gutman*, 134 id. 45; *Hayward* v. *Leonard*, 7 Pick. 181.) The defendant is estopped from claiming that the contract was not performed. (*Steel* v. *S. L. S. Co.*, 106 U. S. 447; *Viele* v. *Judson*, 82 N. Y. 32; *Blair* v. *Wait*, 69 id. 113.) The refusal of the architects to give a certificate was unreasonable, in the legal sense applicable to it, for the purpose of relief, and the failure to obtain the certificate is not fatal to the plaintiff's right of recovery. (*Nolan* v. *Whitney*, 88 N. Y. 648; *Crouch* v. *Gutman*, 134 id. 45; *Flaherty* v. *Miner*, 123 id. 382.)

Maynard, J. The defendant has appealed from an order of the General Term reversing a judgment in his favor entered upon the report of a referee and granting a new trial. The order does not state that the reversal was upon the facts, and we are confined to a review of the questions presented by the numerous exceptions in the record, and the order must be affirmed if any material error of law appears to have been committed.

The action was upon a building contract, and the defendant was permitted to show, against the objection of the plaintiff, several conversations between him and one of the architects, in which he complained that the work had not been done in accordance with the requirements of the plans and specifications, and in which the architect admitted the default of the

plaintiff in the respects pointed out by the defendant. One of the main issues litigated involved the question whether the plaintiff had substantially performed the stipulations of his contract; upon which the referee has found adversely to him, and this evidence had a direct and material bearing upon this branch of the controversy. The architect was in no sense the agent of the plaintiff; but was employed by and represented the defendant. The admission upon the trial of the declarations of the defendant and his agents in his own favor was manifestly an infraction of an elementary rule of evidence, unless it is brought within some well-recognized exception.

The defendant seeks to sustain it upon the ground that he alleged and proved, and the referee has found, that after the execution of the contract the architects, in collusion with the plaintiff and without the knowledge or consent of the defendant, prepared other plans for the construction of a house essentially different from that called for by the contract, plans and specifications signed by the parties, and of much less value, and alterations were made in the specifications to reduce the cost of the building, and that, therefore, the declarations of the architect were admissible in evidence against the plaintiff, because both were engaged as conspirators in the same scheme to defraud the defendant.

But the rule regulating the admission of such proof is well settled and clearly defined, and is limited to cases where it is shown that two or more persons have combined for an illegal purpose, and the acts and declarations of one of them, sought to be proven against the others, were done or made in pursuance of the original concerted plan and with reference to and for the promotion of the common object. (1 Phillips on Ev. [5th Am. ed.] C. & H. 205–211; *Dewey* v. *Moyer*, 72 N. Y. 70; *N. Y. Guar. & Ind. Co.* v. *Gleason*, 78 id. 503.) A mere statement, however, made by one conspirator, or any act of his not done in pursuance of the conspiracy, is not evidence for or against his associates. The only act of collusion in this case of which there was any proof, or which the referee has found, consisted in the substitution of different plans and

specifications for those originally agreed upon by the parties, and the conversations with the architect occurred several months after this had been done, and his admissions and declarations had no reference to the conspiracy, and were not of a character designed to promote its successful accomplishment.  It is urged that it was a part of the unlawful scheme to keep the defendant in ignorance of the substitution of different plans and specifications, and to quiet him whenever he discovered that deviations had occurred from the original plan by false promises that they should be corrected.  But there is no evidence that the plaintiff suggested such a course of conduct by the architect or consented to its adoption, and there is no finding to that effect by the referee.

There is a paragraph in the contract which provides that if any dispute should arise respecting the true construction and meaning of the drawings or specifications, it should be decided by the architects, and their decision should be final and conclusive, and it is claimed that complaints made by the defendant to the architects in the absence of the plaintiff, and their statements in reply, are admissible under this provision. It is difficult to see upon what principle such a claim can rest.  The reference in this clause is to disagreements between the parties, in which case the matter in difference was to be submitted to the architects, who, after hearing both sides, were to render a final decision in the premises.  Ex parte statements by the defendant to his own agent and the opinion of the latter based upon them, evidently were not within the contemplation of the parties when this stipulation was adopted.

We also think it was error to sustain the objections of the defendant to the questions put to the witness King, on crossexamination, in which he was asked whether there had been any disagreement between him and the architects; or whether he left their employ in consequence of a disagreement; or whether when he left it was with friendly feelings towards them, and whether his relations with them were then friendly. This was the principal witness for the defendant to establish the alleged conspiracy.  He was at the time employed as a

draughtsman in the office of the architects, and testified to
transactions between them and the plaintiff tending to show
the collusion which the referee found. A few months after
he left their employ, and we think it was competent for the
plaintiff to prove, if he could, that the witness was unfriendly
to the architects. The object of the defense was to charge
the plaintiff with the consequences of a conspiracy between
him and the architects, and it was, therefore, quite as material
and important for the plaintiff to show that the witness by
whom it was sought to establish the unlawful combination was
hostile to one of the parties to it as it would have been to
have shown hostility on his part towards the plaintiff himself.
The admission or rejection of the evidence was not discretionary
with the trial court. It is a material fact which may be proved
by any competent evidence, as was held by this court in
*People* v. *Brooks* (131 N. Y. 321). It was not there held, as
the counsel for the defendant seems to suggest, that it was in
the discretion of the court, whether such questions should be
allowed. All that was said upon the point was that the extent
to which such an examination may go must be in some meas-
ure within the discretion of the trial judge. This must be so
or else it might become interminable.

But here the whole inquiry was ruled out. Even general
questions were disallowed, and, as it must be assumed, for the
purposes of this appeal, that if answered, the responses would
have shown bias, the plaintiff may have been prejudiced by the
exclusion of the evidence.

Inasmuch as the order must, for these reasons, be affirmed,
the right of the plaintiff to recover for extra work need not
be considered. The defendant may have a just defense, but
he has chosen to take the risk of an appeal, with the sequence
of a judgment absolute in case of an affirmance, and this court
has no alternative except to affirm the order and direct judg-
ment for the plaintiff with costs.

All concur.

Order affirmed, and judgment absolute for plaintiff.