MOSES D. TENNANT, Administrator, etc., Respondent, v.
EUGENE DUDLEY, Appellant.

No advantage may be taken of offers made by way of compromise of a disputed claim, and so, evidence of the amount fixed by the claimant, in an ineffectual attempt to compromise, as the sum he was willing to take, is not competent against him in an action wherein the amount of his claim is in question.

*Tennant* v. *Dudley* (68 Hun, 225), reversed.

(Argued January 15, 1895; decided January 29, 1895.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made March 28, 1893, which affirmed a judgment in favor of plaintiff entered upon a verdict, and also affirmed an order denying a motion for a new trial.

This action was brought to recover moneys received by defendant on a certificate or policy of insurance issued by the Equitable Aid Union upon the life of William H. Renouard, deceased.

The facts, so far as material, are stated in the opinion.

*A. C. Wade* for appellant. It was error to admit and receive in evidence under the defendant's objection the letter written by Mr. Hall. (*Budlong* v. *Van Ostrom,* 24 Barb. 55; *M. M. & R. M. Co.* v. *Parsons,* 19 N. Y. 485.) The trial court erred in admitting in evidence the unexecuted contract. (1 Greenl. on Ev. 192; *Lawrence* v. *Hopkins,* 13 Johns. 228; *H. Ins. Co.* v. *B., etc., Co.,* 93 U. S. 527; *Williams* v. *Thorpe,* 8 Cow. 201; *West* v. *Smith,* 101 U. S. 263–273; *Marvin* v. *Richmond,* 3 Den. 58; *Smith* v. *Satterlee,* 130 N. Y. 677; *Darby* v. *Roberts,* 22 S. W. Rep. 529; *McE. M. Co.* v. *Trowbridge,* 66 Hun, 28; *Chaffe* v. *Mackenzie,* 10 South. Rep. 269.)

*S. W. Mason* for respondent. An assignment in writing absolute upon its face may be shown by parol to be held as collateral security. (*Gilchrist* v. *Cunningham,* 8 Wend. 641; *Van Pelt* v. *Otter,* 2 Sweeney, 202; *Anthony* v. *Atkinson,* Id. 228; *Horn* v. *Ketaltas,* 46 N. Y. 605.) The admission of an independent fact is always competent against the party making it, although made in negotiations for settlement, even if the negotiations fail. (*Murray* v. *Caster,* 4 Cow. 635; *White* v. *S. S. Co.,* 102 N. Y. 660.)

BARTLETT, J. This is an appeal from a judgment and order of the General Term of the fifth department affirming the judgment and order below denying a new trial.

The plaintiff's intestate, William H. Renouard, in Decem-
ber, 1886, was the owner of a beneficiary certificate, or policy
of insurance, upon his life, issued to him by the Equitable
Aid Union, a mutual insurance society, by which the society
agreed to pay to the insured, at the time of his death, the sum
of eighteen hundred dollars.

Renouard was at this time indebted to the defendant, and
procured the certificate or policy to be taken up and a now
one issued, payable to the defendant, who thereafter and up
to the time of Renouard's death, paid all assessments thereon.
Renouard died in January, 1889.

In June, 1890, the defendant collected the insurance.

The plaintiff, as administrator of Renouard's estate, brings
this action, alleging that the transfer of the policy of the
defendant was merely as collateral security for a debt of one
hundred and eighty dollars, and seeks to recover the balance.

The defendant alleges the transfer was absolute and in pay-
ment of a debt of thirteen hundred dollars, due him from
Renouard, and that by the terms of his arrangement with his
debtor, he was to pay the assessments on the policy, Renouard's
funeral expenses and the charges incurred in bringing his
remains to the state of New York for burial, if he died in
the West, where he resided at the time the policy was so
transferred.

These issues were tried before a jury and resulted in a
judgment against the defendant for eleven hundred and
ninety-six dollars and costs.

The most important question in the case, as bearing on the
probability of defendant's version of the contract between
him and the intestate, was the amount of the latter's indebted-
ness to him.

It appears that in March, 1889, shortly after the death of
Renouard, and more than two years before this action was
begun, an effort was made to settle the matters in difference
between the defendant and the children of Renouard, growing
out of the disputed ownership of the policy of insurance.

This agreement was reduced to writing; defendant was the

party of the first part; the children of Renouard of the second part; and Dean and Hall of the third part. The agreement provided a basis for the distribution of the sum of eighteen hundred dollars, received by the defendant under the policy, and Dean and Hall were to receive the amount and pay it out in the manner arranged.

For the purpose of carrying out this compromise the amount of the indebtedness of Renouard to defendant was fixed at five hundred dollars.

The agreement was signed by all the parties except Dean and Hall.

It appears that the compromise was never carried out, and more than two years after the execution of the agreement this action was begun. At the trial the plaintiff offered the agreement in evidence and it was objected to by the defendant on the ground, among others, that it was a memorandum of compromise and could not be offered to the prejudice of the defendant.

The objection was overruled and the agreement read in evidence.

It is manifest that the object of offering the agreement was to contradict the defendant's statement that Renouard was indebted to him in the sum of thirteen hundred dollars.

It is clear on the face of the agreement that the sum of five hundred dollars, named therein as the amount due from Renouard to the defendant, was fixed arbitrarily and in an effort to effect a compromise between the parties. The defendant was also permitted to testify without objection that the agreement was drawn with the intention of making a compromise without any regard to the amount due to him.

The rule is well settled that no advantage can be taken of offers made by way of compromise; that a party may, with impunity, attempt to buy his peace. (*Laurence* v. *Hopkins*, 13 Johns. 288 ; *Murray* v. *Coster*, 4 Cow. 635 ; *Williams* v. *Thorp*, 8 id. 201 ; *Home Ins. Co.* v. *Baltimore Warehouse Co.*, 93 U. S. 527 ; *West* v. *Smith*, 101 id. 263–273 ; *Smith* v. *Satterlee*, 130 N. Y. 677.)

We think the admission in evidence of this agreement was error, for which the judgment and order appealed from must be reversed.

There are other alleged errors in the record which have been argued by the appellant, but as a new trial must be had for reasons already assigned, it is unnecessary to examine them.

The judgment and order should be reversed and a new trial ordered, with costs to abide the event.

All concur.

Ordered accordingly.