RUSSELL v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. April 28, 1905.)

EVIDENCE—OFFER OF COMPROMISE.

> In an action against a street railroad for personal injuries, it was not error to permit cross-examination of plaintiff as to when he first made claim to damages; such questions not relating to offer of settlement.

Appeal from Trial Term, Kings County.

Action by Henry C. Russell against the Brooklyn Heights Railroad Company. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, HOOKER, and MILLER, JJ.

Guy C. Frisbie, for appellant.

I. R. Oeland, for respondent.

WILLARD BARTLETT, J. This is an action to recover damages for personal injuries alleged to have been sustained by the plaintiff while endeavoring to cross the railroad track of the defendant in front of one of its electric cars. According to his testimony, the car was stationary as he approached it, and he hesitated whether to attempt to pass in front of it or not until he received a signal from the motorman to do so, whereupon he proceeded, and when he had reached the middle of the track the car, which was standing still, was thrust violently forward upon him by the impact of another car which ran against it from the rear. The defense was that no such accident occurred at all; and in support of this defense abundant evidence was introduced tending to show that while the alleged collision occurred, and while the plaintiff was present near the place of the accident at the time when it happened, he was not struck by the car or in any wise injured. The issue of fact thus presented was submitted to the jury in a clear and impartial charge, to which the plaintiff took no exception, and there is nothing in the record to warrant this court in interfering with the verdict which was rendered for the defendant on the ground that it was against the evidence or against the weight of evidence.

The plaintiff was asked upon cross-examination how soon after the accident he tried to settle the case or make an adjustment of it, and how soon he made another attempt to settle. These questions were objected to, the objection was overruled, and the plaintiff excepted. They elicited a statement by the plaintiff that he wrote to the defendant first on the evening of the accident, and again at a date which he could not remember. The letters to which he referred were subsequently introduced in evidence upon his recross-examination by counsel for the defendant. An exception was taken by the plaintiff to their admission, but it is impossible to determine whether they were erroneously admitted or not, as the letters are not set forth in the appeal book. It is contended that the questions which have been mentioned were improperly allowed, as in violation of the rule that no advantage can be taken of an offer

made by the way of compromise. Tennant v. Dudley, 144 N. Y. 504, 39 N. E. 644, and cases there cited. It is apparent, however, that these questions did not relate to any offer to settle, and were not asked for the purpose of establishing a recognition or acknowledgment of liability, but that, although the word "settle" was used, the purpose of the inquiries was merely to ascertain when the plaintiff had made any claim for damages against the defendant corporation, so that his answer might serve as a basis for the introduction of his letters in evidence.

The remaining exceptions relate to the exclusion of testimony sought to be elicited from the physician who treated the plaintiff. These are rendered immaterial by the verdict, which necessarily implies a finding by the jury that the alleged accident which is the basis of the action never in fact happened.

There should be an affirmance of the judgment and order appealed from.

Judgment and order affirmed, with costs. All concur.