WEMYSS FURNITURE COMPANY, Respondent, v. SOL H. STROBER, Appellant.

First Department, January 13, 1922.

Sales — action for goods sold and delivered — evidence — erroneous admission of offer of compromise.

In an action for goods sold and delivered in which there was a dispute as to the price agreed to be paid by the defendant, it was reversible error to admit testimony over the defendant's objection tending to show an offer of settlement by the defendant by paying a price for the goods higher than that which he maintained upon the trial was the true contract price, where said testimony contained no admission of fact by the defendant, and the trial judge, although he stated that he received the testimony upon the theory that it was for the jury to determine whether the defendant had offered to compromise or simply sought to get a reduction in price, failed to instruct the jury in reference to it.

APPEAL by the defendant, Sol H. Strober, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 17th day

First Department, January, 1922.    [Vol. 199

of May, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the same day denying defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*Hirsh, Newman & Reass* [*Benjamin Reass* of counsel; *Hugo Hirsh* and *Emanuel Newman* with him on the brief], for the appellant.

*Cullom & Rinke* [*Neil P. Cullom* of counsel], for the respondent.

DOWLING, J.:

The complaint herein sets forth that on or about September 3, 1919, plaintiff sold and delivered to defendant goods, wares and merchandise consisting of furniture at the agreed price and reasonable value of $4,650, no part of which has been paid. The answer of the defendant, after certain denials, sets up as a first defense that plaintiff, a foreign corporation, was doing business within this State, and had made the contract in question, without obtaining the certificate of authority required by section 15 of the General Corporation Law. As a second defense and by way of counterclaim, defendant alleged that on May 19, 1919, plaintiff and defendant entered into an agreement whereby it was mutually agreed that plaintiff should sell and deliver to defendant at his place of business in the borough of Brooklyn, within a reasonable time thereafter, certain furniture consisting of 100 buffets and 100 china closets to be made of American walnut, at the agreed price of $51 each for the buffets and $40.60 each for the china closets, with a discount of ten per cent therefrom; that more than a reasonable time had elapsed for the delivery of the merchandise and that defendant has at all times been ready, willing and able to receive and pay for the same, and had repeatedly demanded delivery thereof; that on or about October 20, 1919, plaintiff delivered to defendant 31 buffets and 31 china closets under the agreement, for which defendant duly tendered payment of the sum of $2,552.85, which sum plaintiff had refused to accept and had failed and refused to deliver the remainder of the said merchandise. Plaintiff notified defendant that it would not fulfill the agreement and

repudiated the same. By reason of the premises defendant claims to have been damaged in the sum of $7,000, being the difference between the contract price and the market price of the goods at the time when they should have been delivered.

Upon the trial there was a decided conflict of proof as to whether or not the contract of sale was embodied in a written memorandum dated May 19, 1919, signed by one Carl Strauss, as to the extent of whose authority there was a dispute, which memorandum showed the sale by plaintiff to defendant, fixed the price of the goods in question at the price of fifty-one dollars for each buffet and forty dollars and fifty cents for each china closet; or whether the only contract between the parties was evidenced by a memorandum dated June 14, 1919, which contained the provision, " Ship at prices prevailing on day of shipment." This, as well as the other disputed questions of fact in the case, were submitted to the jury, which found a verdict in favor of plaintiff for the full amount claimed. We would not feel called upon to disturb this finding save for an error committed in the receipt of testimony which we believe was highly prejudicial to the defendant and requires the reversal of the judgment. This consisted of the receipt in evidence, over defendant's objection and exception, of testimony by the witnesses Strauss and Fraenkel as to a conversation had by the defendant in their presence and that of Harry Fraenkel (since deceased) and one Gold, wherein defendant made an offer of settlement of the plaintiff's claim against him. Strauss was allowed to testify that defendant said that he would consider a settlement of one hundred and thirty-five dollars per two pieces and would give that amount for the pair. Fraenkel testified that his brother Harry Fraenkel said to defendant that he was sorry about the transaction in question but that the factory so far had absolutely refused to accept any offers of settlement, but that he personally thought that if defendant would make them an equitable offer he might be able to induce them to accept it, whereupon defendant said, " Well, now, supposing we do grant them an increase, what do you think will fix it up? " to which Harry Fraenkel replied, " I don't know exactly what it is but suppose you make an offer." They " haggled around and went from ten to fifteen " and then to thirty-three and one-third per cent in excess of the prices

at which the order was originally booked, the last named being the final offer by defendant. When objection was made to the receipt of this testimony upon the specific ground that it was apparent that it was an effort to settle an existing controversy, a demand made by one party and resisted by the other, and a settlement sought to be arrived at, and, therefore, it was incompetent and prejudicial to defendant, the court said: "I do not think I can hold as a matter of law that it was; it is for the jury to determine whether it was a mere offer to buy peace or whether it was an attempt on the part of the defendant to get a reduction of price." The court further said: "I will instruct the jury at the proper time with respect of offers of compromise." No reference was made by the learned court in his charge to the jury to this testimony, nor did he give them any instruction as to the effect thereof.

As was said in *Tennant* v. *Dudley* (144 N. Y. 504, 507): "The rule is well settled that no advantage can be taken of offers made by way of compromise; that a party may, with impunity, attempt to buy his peace [citing cases]. We thin the admission in evidence of this agreement was error, for which the judgment and order appealed from must be reversed." (See, also, *Union Bank* v. *Deshel*, 139 App. Div. 217; *Mischner* v. *Thalheim*, 184 id. 883; 16 Cyc. 946–949; 2 Chamberlayne Ev. 1824.)

In the present case there was a controversy between the parties which it was sought to compromise and on plaintiff's behalf an offer of settlement was solicited from defendant which elicited such an offer from him. A careful examination of the objectionable testimony shows that defendant made no admission of fact whatever in his statements at the time, and, therefore, the receipt of the evidence cannot be defended upon that ground.

The judgment and order appealed from will be reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., SMITH, PAGE and GREENBAUM, JJ., concur.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.