In the Matter of the Estate of FRANCIS TOUKATLEY, Deceased.

Surrogate's Court, Oneida County, December, 1923.

**Executors and administrators — accounting — claim for damages to auto truck by reason of alleged negligent operation by decedent — when claimant will be deemed to have failed to establish claim by fair preponderance of evidence — when admissions of liability by decedent after accident not binding.**

Upon the hearing of a disputed claim against the estate of decedent for damages arising by reason of his alleged negligence in the operation of an auto truck owned by claimant, it appeared that the decedent, who was familiar with and had operated such a truck, and claimant, left Utica at midnight with the truck loaded with peas which they were taking to Rochester, and in order to reach their destination by morning, as planned, the truck was necessarily driven at a fast rate of speed. Although it was the custom for two persons to go with these loads so that one might relieve the other in driving, it was not disclosed by the evidence upon what terms decedent agreed to go with claimant, but while he was at the wheel an accident occurred. Immediately thereafter claimant not only tendered to decedent compensation for the trip but per-

mitted him to continue driving the truck. *Held*, that the claimant having failed to establish his claim by a fair preponderance of the evidence, the same will be dismissed, with costs.

Admissions of liability made by decedent after the accident did not necessarily bind him or his estate if as matter of fact he was not liable and such admissions were made through ignorance of his rights and responsibilities.

PROCEEDING to settle accounts of administratrix.

*Wilbur & Winslow*, for administratrix.

*A. J. Foley*, for claimants, Sahdia Koroh and Habib Srour.

JONES, S. This is an accounting by the administratrix of the estate of Francis Toukatley, above named.

Citation for judicial settlement was made returnable November 19, 1923. The claim of Sahdia Koroh, amounting to $623.50, is allowed at $600 with interest from August 10, 1921.

From the proof offered by the claimant, I am convinced that she loaned to the decedent $600, and that she is entitled to recover that amount from the estate, together with interest thereon from the date of the presentation of the claim which was August 10, 1921.

A claim was presented by Habib Srour. This claim was rejected by the administratrix. The claim is made for $222.97 for damages to a Reo truck owned by the claimant, the claim arising by reason of the alleged negligence of Francis Toukatley in the operation of the truck.

On or about May 27, 1921, Francis Toukatley and the claimant, Habib Srour, left Utica, with a Reo truck loaded with peas. They were transporting these peas to Rochester, and left Utica at midnight, the plan being to travel the remainder of the night and reach Rochester the following morning.

For some months previous to this, Francis Toukatley had been employed at one of the local mills. The evidence does not disclose upon what terms he agreed to go with Srour on this trip. It was the custom for two persons to go with these loads in order that one might relieve the other in driving. Presumably Toukatley was accompanying Srour for that purpose. When the truck reached the vicinity of Canandaigua, and while Toukatley was operating the same, the accident occurred.

The evidence shows that Toukatley was familiar with Reo trucks; he had previously been part owner of one and had operated it; it also appears that he had been driving automobiles for about four years previous to the accident. Some of the witnesses testified he was a good driver. The claimant was in the automobile at the time of the accident and presumably he was in control of it. There was nothing to indicate that decedent violated any instruction

that was given him, and apparently he was carrying out the direction of the owner of the truck in its operation. Consideration must be given to the fact that the trip was made in the night, and that in order to reach Rochester by morning the truck would necessarily have to make fast time.

The witness James George claims to have heard some conversation between Toukatley and Srour after they returned to Utica. He says Habib said to Francis: " Here is your money," and Francis said: " I don't want any money. I broke the truck and I don't want any wages until I see what the truck cost to fix." The witness further volunteers the statement that Francis told him: " It was my own fault." Later the witness testified Francis said in answer to the question as to who was going to settle for the truck: " I don't know, I was driving fast and I tipped over on the curve, but I don't know who was going to settle for it, we will see later." The same witness also testified that Francis said: " As long as I was to blame, I am willing to pay for the repair on the truck because of the accident."

This witness could remember very little that was said or done excepting general statements which Toukatley made charging himself with the liability for the accident, and which were manifestly conclusions of the witness.

The claimant at the time was ready and willing to pay Toukatley his wages, and according to the witness George tendered him pay for the trip; therefore it is plain that immediately after the accident this claimant did not consider that Toukatley was responsible for the accident to the truck, or he would not have offered him compensation for the trip. The testimony also shows that the claimant permitted Toukatley to continue driving the truck after the accident.

Witness George was a partner of the claimant. They had two trucks, one of which the claimant operated and the other was operated by George. Whether this witness was interested in the profits derived from the particular trip in question does not appear from the testimony. His testimony did not create the impression that he was wholly disinterested.

Even if Toukatley admitted liability, such admission would not necessarily bind him or his estate, if as a matter of fact he was not liable and the admission was made through ignorance of his rights and responsibilities.

If, after the accident occurred, he made statements acknowledging that he was liable, when in fact he was not liable, his estate should not be depleted by reason of such erroneous statements.

" The court will not assume, in the absence of proof " on the

point, that the loss "was the result of negligence." *Claflin* v. *Meyer*, 75 N. Y. 260.

Verbal admissions should be received with great caution. " The evidence, consisting as it does, in mere repetition or oral statements, is subject to much imperfection and mistake; the party himself, either being misinformed, or not having clearly expressed his own meaning, or the witness having misunderstood him. It frequently happens, also, that the witness, by unintentionally altering a few of the expressions really used, gives an effect to the statement completely at variance with what the party actually did say." 1 Greenl. Ev. ( 15th ed.), ¶ 200.

Cooley lays down the rule that an employee undertakes with his employer for good faith and integrity and that he will use reasonable care and diligence, but he does not undertake with his employer that he shall be infallible; and it is a well-known rule that an employee shall not be liable to his employer for loss consequent upon mere errors of judgment. Cooley Torts (2d ed.), 777.

No recovery can be had unless the injury arose from the unskillfulness, negligence or misconduct of the decedent, and it is incumbent upon the claimant to prove the negligence or unskillfulness charged. *Newton* v. *Pope*, 1 Cow. 109.

In *Page* v. *Wells*, 37 Mich. 415, Chief Justice Cooley, in writing the opinion of the court, says (p. 421): " Whoever bargains to render services for another undertakes for good faith and integrity, but he does not agree that he will commit no errors. For negligence, bad faith or dishonesty he would be liable to his employer; but if he is guilty of neither of these, the master or employer must submit to such incidental losses as may occur in the course of the employment, because these are incident to all avocations, and no one, by any implication of law, ever undertakes to protect another against them."

The burden of proof was upon the claimant to establish his claim by a fair preponderance of the evidence. This, in my judgment, he has failed to do and his claim is dismissed.

The decree may provide for the allowance of the claim of Sahdia Koroh, with interest, together with the costs to the claimant of seventy dollars and disbursements.

The claim of Habib Srour is dismissed, without costs.

Decreed accordingly.