MILES W. EMERY, Plaintiff, *v.* ALEXANDER LITCHARD, Defendant.

Supreme Court, Wyoming County, September 12, 1930.

*Falk, Phillips, Twelvetrees & Falk*, for the plaintiff.

*Dickson & Dickson*, for the defendant.

MACGREGOR, J. Plaintiff brings this action to recover damages for personal injuries and for damage to his automobile claimed to have been caused by the negligent operation of an automobile owned and operated by the defendant.

Defendant's answer contains the following allegation:

"*Fourth*. This defendant, further answering said complaint and as a defense and bar to any cause of action therein set forth, alleges upon information and belief, that heretofore and prior to the commencement of this action, a duly accredited agent of the Merchant's Mutual Casualty Co., which Company was an insurer of the plaintiff herein, and which Company acting for and on behalf of said plaintiff and as his said agent, with full power and authority from said plaintiff to adjust and settle any and all claims

arising out of the collision referred to in said complaint, paid to this defendant the sum of one hundred and fifty dollars in settlement of any and all claims for damages on behalf of this defendant against said plaintiff, and received from this defendant a release from any and all claims on behalf either of said plaintiff or his insurer."

The plaintiff makes a motion upon the pleadings for an order striking out the paragraph as irrelevant, sham and frivolous, new also upon the ground that the alleged defense, consisting of and matter, is insufficient in law.

We think that the motion should be granted upon two grounds: *First*, that at best it would constitute an admission, which is a matter of evidence, and *second*, that admitting the truth of the allegation, it is insufficient in law to constitute a defense.

The defendant claims that the giving of a release by him to the plaintiff constitutes a bar to the cause of action of the plaintiff. It must be borne in mind that there are two causes of action, one against the other. If there had been no payment for the release of the defendant's claimed cause of action, it would properly have been pleaded as a counterclaim in this action.

In effect, the defendant says to the plaintiff: " You were to blame for the accident and have admitted it by paying me $150 and procuring a release from me."

Section 241 of the Civil Practice Act provides: " Every pleading shall contain a plain and concise statement of the material facts, without unnecessary repetition, on which the party pleading relies, but not the evidence by which they are to be proved."

The allegation should, therefore, be stricken out.

But even admitting that it is a material fact which would be properly pleadable, I cannot reach the conclusion that it constitutes a sufficient defense.

It is well settled that a party may attempt to buy his peace and offers of compromise for such purpose are not admissible in evidence.

Though an admission of an independent fact included in an offer of compromise is not thereby rendered incompetent, the offer itself, or the fact that an offer is made, is not admissible in evidence for the purpose of raising an inference of liability. (*Tennant* v. *Dudley*, 144 N. Y. 504.)

This states the law of this State and is a generally accepted principle.

These cases, of course, all relate to a single claim of one against another,

The courts have gone further and said that where an accident

occurs the offer to pay or the voluntary payment by a person involved in an accident does not constitute an admission of liability.

In the case of *Grogan* v. *Dooley* (211 N. Y. 30), where a servant was injured and brought an action against the employer, it was held that it was error to receive evidence as an admission of liability that the defendant offered to pay plaintiff's wages while he was disabled, and the bill of the physician, where such offer was not made in response to any demand for compensation, but was a voluntary act of benevolence.

In the case of *Smith* v. *Bailey* (14 App. Div. 283) a man collided with a street sweeper. The defendant stopped and went back and told the plaintiff that if he was hurt he would be glad to do anything he could for him, and later went to his house and gave him ten dollars and asked him if he could do anything further for him. The court held that his acts were not admissions of liability.

In the case of *Sias* v. *Consolidated Lighting Co.* (73 Vt. 35) the plaintiff was permitted to testify that the defendant furnished him a nurse. It was offered as tending to show a recognition of liability. The appellate court held that this was error. The court said: " It is doubtless true that such evidence might be offered in a connection that would give it the effect claimed, but we think the mere fact that an employer furnishes a physician or nurse for one who meets with a disabling accident ought not to be received as evidence tending to establish his liability."

In the case of *Baldwin* v. *N. Y. C. & H. R. R. R. Co.* (2 N. Y. Supp. 481), which was affirmed by the Court of Appeals (121 N. Y. 684), a further step was taken. The railroad company procured a release from the plaintiff who had been injured by the operation of a street car. Upon the trial of this action the defendant denied that it was responsible for the acts of the operators of the car. It was sought to prove that it was by putting in evidence the release that had been secured. It was claimed that it was an admission of liability. The court in its opinion said: " This release was not an admission of liability. At the most it was an admission that the plaintiff had made a claim that the defendant was liable."

In *Crawford* v. *McLeod* (64 Ala. 240) plaintiff offered as proof of indebtedness of the defendant at a particular time a payment to him by the defendant of a sum of money and giving of a release.

The court said: " We do not think there is, in the release of ' all actions and rights of action ' given by Mr. McLeod after this suit was brought, * * * any admission that Crawford owed McLeod anything when this suit was brought. It may have been a purchase of his peace by Crawford; a purchase which all men have a right to make, or offer to make, without admitting any indebtedness thereby."

Assume that an operator of an automobile has a collision with another and is argued into the belief that he is responsible for the happening of the accident because it is claimed that he violated some law of the road, or assume that he has an erroneous impression of the law as bearing upon the facts and because of such belief pays for a release, is he foreclosed against asserting his claim upon discovery of the fact that he was in error?

The language of the court in the case of *Matter of Toukatley* (122 Misc. 120) is applicable: " Even if Toukatley admitted liability, such admission would not necessarily bind him or his estate, if as a matter of fact he was not liable and the admission was made through ignorance of his rights and responsibilities."

It was held in *Moore v. Hitchcock* (4 Wend. 292) that the admissions of a party under a misapprehension of his legal rights and liability do not affect his interests.

It is true that any statement of fact made by the plaintiff would be competent evidence, but the act itself of paying for and securing the release would not be a bar or admission. The most that could be claimed for it would be that it was an indication that the plaintiff concluded from the facts that he was legally liable. The question of his liability for the happening of the accident is a matter to be determined by the jury.

The motion to strike out the " fourth " paragraph of the answer is granted, with costs of the motion.