Louis B. Heller, J.
In an action for malicious prosecution plaintiff moves, pursuant to section 307 of the Civil Practice Act, to direct one Nathan Finkelstein to render his deposition as a witness to be Used upon a motion for summary judgment now pending in this court.
Plaintiff in his complaint and affidavit in support of the motion alleges that the defendant maliciously instituted criminal proceedings against him for the purpose of attempting to coerce him into discharging and satisfying a judgment in the amount of $5,875 which he obtained against defendant; that for the purpose of effectuating his plan, defendant a day before the hearing in Magistrates’ Court of defendant’s charge against plaintiff attended with Nathan Finkelstein, his then attorney, at plaintiff’s office ostensibly to submit himself for examination in supplementary proceedings; that defendant suggested that plaintiff give him a discharge of the judgment against him which he insisted was unjust and in exchange he would promise to see that his charge against plaintiff would be allowed to die by suggesting to the District Attorney that it be dropped, or if the District Attorney refused to do so, he would fail to appear for hearing until the matter would die for lack of complaint; that Nathan Finkelstein was present when these remarks were made and now refuses to make an affidavit to that effect.
The defendant asserts that the conversation is inadmissible in evidence and, therefore, his former attorney should not be compelled to render a deposition as a witness. The claim of its inadmissibility in evidence is based solely upon the ground that the alleged statement of the defendant was made as an offer of settlement or a compromise.
Although the general rule is that evidence of an offer to compromise or settle a question or claim in dispute is not competent (Mihalco v. Massachusetts Fire & Marine Ins. Co., 229 App. Div. 813; Johnson v. Tyler, 275 App. Div. 726; Emery v. Litchard, 137 Misc. 885) such rule is not applicable to the circumstances herein. The basis of the general rule is that the offer to compromise implies merely a desire for peace and not a con *559 cession of liability (Smith v. Satterlee, 130 N. Y. 677; Tennant v. Dudley, 144 N. Y. 504; Wemyss Furniture Co. v. Strober, 199 App. Div. 449; Matter of Steigerwald, 2 Misc 2d 389; Quillen v. Board of Educ., 203 Misc. 320). Here, however, the evidence sought by plaintiff with respect to the “ offer of compromise or settlement ” is not for the purpose of showing an admission of liability with respect to the issues then existing between plaintiff and defendant but is for the purpose of showing an alleged malicious intent to prosecute the plaintiff. Under these circumstances, it would appear that the receipt in evidence of such “ offer of compromise ” would be admissible in evidence.
The motion is accordingly granted. Settle matter on notice providing for examination pursuant to the provisions contained in rule 120 of the Rules of Civil Practice.